G. W. JONES, RECEIVER, v. E. P. WILLIAMS.

1. RECORD. *Minutes as to adjournment of circuit court. Parol proof to contradict.*
   Parol evidence is inadmissible to contradict the minutes of a circuit court as
   to the day of the adjournment of the court.

2. BILL OF EXCEPTIONS. *Time for presenting to judge. " End of term " of circuit
   court.*
   The day of the final adjournment of the circuit court is "the last day of the
   term" (referred to in § 2282 of the Code of 1880, prescribing the time for
   signing the minutes) and "the end of the term," within ten days after which
   § 1718 of the code requires a bill of exceptions to the overruling of a
   motion for a new trial to be presented to the judge for his signature.

MOTION in supreme court.

The appellee made a motion to strike out of the record in this
case the bill of exceptions therein contained, on the ground that it·
was not presented to and signed by the judge within the time pre-
scribed by statute for the presentation and signing of such bills.
The bill appears to have been signed by the judge on the 3d day
of July, 1884. In support of his motion, the appellee presented a
certified transcript of the record of the circuit court in which the
case was tried, showing that the final adjournment of the court was
on the 21st of June, 1884. In opposition to the motion, the
appellant offered the affidavits of the judge and many members of
the bar to show that the court adjourned finally on the 23d of June,
1884, instead of on the 21st, as stated in the minutes of the court
kept by the clerk. One of the appellant's counsel also filed an
affidavit stating that the bill of exceptions was ready for presenta-
tion to the judge on the 2d day of July, 1884, but was not pre-
sented, because the affiant believed the judge to be incapacitated
for performing any judicial act because overwhelmed with grief
at the loss of his wife, who had just died.

*W. C. McLean*, for the motion, made an oral argument.

*Slack & Longstreet, contra*, were represented by *J. J. Slack*, who
made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

The question presented by this motion is the admissibility of

parol evidence to contradict the minutes of the circuit court as to the day of the adjournment of the court. The settled doctrine seems to be that the evidence proposed to vary the date shown by the record is not admissible. 2 Wharton's Law of Ev., §§ 982, 990; 1 Greenleaf on Ev., § 538; 2 Taylor on Ev., § 1667 (7th edition).

Judicial records required by law to be kept are said to import unerring verity, and to be *conclusive* evidence against all the world as to their existence, date, and legal consequences.

The minutes of the proceedings of the circuit courts are required to be entered by the clerk, read in open court, and signed by the judge, "and on the last day of the term the minutes shall be drawn up, read, and signed on the same day, or before the adjournment of the court." Code, § 2282. These minutes are a record of the most solemn character and entitled to the highest degree of verity ever attached to records.

The clause of the statute quoted disposes of the suggestion of counsel, that bills of exception may be presented to the judge within ten days after the end of the term, as prescribed by law, and are not required to be presented within ten days after the court adjourns without day. The last day of the term and the last day of the actual holding of the court are used by the statute to mean the same thing. The end of the term is the time of final adjournment, and the date of that is conclusively fixed by the minutes of the court.

*The motion to strike the bill of exceptions from the record must be granted.*