GEORGE W. CHILDRESS v. GEORGE S. CARLEY ET AL.
[46 South., 164.]

92    571
f94   592
d94   594

JUDGMENTS.   *Impeachment: Conclusiveness of record.   Entry after* *adjournment.  Code* 1906, § 1007.

In the absence of fraud or any irregularity apparent on the record, a judgment cannot be collaterally attacked by proof that, while the same was rendered on the day court adjourned, it was entered by the clerk several days thereafter on a blank page of the minute book next preceding the order of final adjournment and the judge's signature. WHITFIELD, C. J., dissenting.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Childress, appellant, was licensed to sell intoxicants by the municipal authorities of Gulfport, and Carley and others, appellees, appealed to the circuit court.   Late on the afternoon on the last day of the term the case was called in the circuit court and tried, and the court announced that the appeal would be sustained and license revoked.   Accordingly an order to that effect was drawn up by counsel, but was not entered on the minutes before the judge adjourned the court.   The judge signed his name on a blank page before adjourning (it being late Saturday evening), and on the following Monday the order was inserted by the clerk above the signature of the judge. Childress then filed his bill in chancery, setting up the foregoing facts, and asking that the order thus entered be declared null and void, and that the parties (appellees on this appeal) be enjoined from interfering with the license granted appellant. The court below dissolved the injunction on motion, and complainant appealed to the supreme court.

*W. R. Harper* and *W. G. Evans,* for appellant.

This court can not afford to tolerate any interference with the absolute verity of court records.   After the adjournment of

a court there is absolutely no authority in any one to alter, change or amend the minutes except as provided by statute. As to the necessity of the entry of orders and judgments and the insufficiency of notes or memoranda, see *Steen* v. *Steen,* 25 Miss., 513; *Gilbert* v. *McCann,* 38 Miss., 469; *Verney* v. *Boyett,* 1 How. (Miss.), 39. Code 1906, § 1007, requires not only that the minutes shall be drawn up, but that they shall also be read by the judge and signed on the last day of the term.

*Hanan Gardner* and *J. A. Ballinger,* for appellees.

The validity of the judgment appealed from, which was rendered in term time, is not affected by the fact that the entry thereof above the judge's signature, which was a mere ministerial duty of the clerk, was not made until after adjournment. 23 Cyc., 839. As between the parties, it is held by some authorities that a judgment which was duly rendered is valid and effective though not entered at all. 23 Cyc., 836.

The judgments and records of courts import absolute verity on their face. *Jones* v. *Williams,* 62 Miss., 183.

The appellant had no actual notice of the rendition of the judgment and is estopped to claim equitable ruling against its enforcement. He had his remedy by appeal.

MAYES, J., delivered the opinion of the court.

There is no charge of fraud in the bill of complaint filed in this cause, nor is there any contention that the judgment entered on the minutes of the court was a different judgment from the one which the court ordered the clerk to place there. The real question in the case, and the only question, arises out of the fact that the judge finally adjourned his court on Saturday night, the 15th day of June, 1907, after the rendition of the judgment in question, but before the judgment was actually put on the minutes by the clerk. The object of the bill filed is to show that the judgment was not actually entered at the time of its rendition, nor was it on the minutes of the court at the time

the judge signed the minutes finally adjourning the court. It is offered to be shown that the judge signed the minutes, leaving blank pages in front of his signature to be filled in with this judgment, and adjourned court before the actual entry of the judgment, which was subsequently placed on the minutes by the clerk, on the following Monday, about 9 or 10 o'clock, above the signature of the judge made on Saturday. No irregularity is shown on the minutes of the court; but it is sought to make proof of this by the clerk, his deputy, and the sheriff. The minutes are in all respects regular, and, as far as anything is shown by them, the judgment was entered, as required by statute, before the final adjournment of the court. It is claimed that the entry of this judgment after the adjournment of the court is a nullity.

The question in this case is not different from the question involved in the case of *Jones* v. *Williams,* 62 Miss., 183. In the *Jones case,* decided under Code 1880, § 2282, of which Code 1906, § 1007, is an almost identical copy, proof was offered to contradict the record of the court as to the day of adjournment, and the court said: "The settled doctrine seems to be that evidence to vary a date shown by the record is not permissible. Judicial records, required by law to be kept, are said to import unerring verity, and to be conclusive evidence against all the world as to their existence, date, and legal consequences. The minutes of the proceedings of the circuit court are required to be entered by the clerk, read in open court, and signed by the judge, and on the last day of the term the minutes shall be drawn up, read, and signed on the same day, or before the adjournment of the court. These minutes are a record of the most solemn character, and entitled to the highest degree of verity ever attached to records." In the case we are now considering it is sought to contradict the minutes of the court by proof that a judgment, shown by the minutes to have been rendered and entered as required by law on the records of the court before final judgment, was not in fact so entered, but in

truth was not entered until two days after final adjournment of the court. The case of *Jones* v. *Williams* is decisive of this case; but we are not without other apt and strong authority. Any contrary holding would bring about immeasurable evil and result in the destruction of the stability of all judicial records.

In Wigmore on Evidence, p. 3457, § 2450, dealing with this very question, in speaking of judicial records, it is said: "The record being the sole embodiment of the judicial proceedings, no other materials or utterances, oral or written, can be set up in competition with it. In other words, but less correctly, the record is conclusive. This is so, even though the record has not been made up; for herein appears the compulsory nature of the rule. It must be made up, and, if it is not, then in legal theory there is no judgment or legal proceedings; and it is always in the power of litigating parties to prevent hardship by compelling the proper officer to make up the record." We quote the above from Wigmore with approval. The law requires the record to be complete, and when it so purports to be on its face in law it is complete, and it is not subject to impeachment. It is within the power of litigating parties to compel the officer to perform his duty and make up the record in literal compliance with the statute; but, if the litigating parties do not do this, the law is not at fault. A party to be affected by the record, and desiring it to be complete before it is signed by the judge, by the exercise of ordinary care can see to it that it is correctly made up, and if he fails to do so he cannot afterwards complain. In the case of *Wells* v. *Stevens*, 2 Gray (Mass.) 115, in speaking of the right to impeach a judicial record, the court said: "The rejection of such evidence is an obvious and inevitable consequence of the incontrovertible verity which the law, for reasons lying at the foundation of all well-ordered jurisprudence, attaches to judicial records. Judges and magistrates are responsible to the government from which they derive their authority, but not to individuals, for the negligent or willful violation of official duty."

---

---

Because we decide this case on other grounds, we are not to be understood as holding it competent for an officer, charged with the duty under the law of keeping a record, to impeach that record by his own testimony.

*Affirmed.*

WHITFIELD, C. J., delivered the following dissenting opinion. I do not think the case of *Jones* v. *Williams,* 62 Miss., 183, has any application to the case made by the facts in this record. The effort in that case was, conceding the minutes of the court to have been entered up by the clerk and read and signed by the judge during the term of the court, to show by parol that the date on which the minutes recited the court adjourned was not, in fact, the true date; in other words, the effort was, directly and squarely, to impeach the verity of the record as to the date, admitting that the record had been made up at the proper time—during the term. The effort here is, not to impeach or contradict the record in any way whatever, but to show that no such record ever had existed; in other words, the effort here, precisely, is to show that what the clerk entered on the minutes of the court as a part of the record in vacation after the court had adjourned constituted no part of the record, the record having closed with the adjournment of the court, and that, consequently, what the clerk inserted in the minutes of the court, after the court adjourned, in vacation, was mere waste paper—constituted no part of the record—and that no such record, as a consequence, had any existence. In the *Jones case* the effort was, granting the record to be the record, to contradict the recitation of the record by parol. In this case the effort is to show that there never was any such record, because of the absolute want of power on the part of the circuit clerk to enter anything on the minutes of the court after the court had adjourned and in vacation. The distinction between the two cases to my mind is clear and palpable. I think it is perfectly competent to show by parol the utter want of power in the circuit clerk to enter, as a part of the min-

utes of the circuit court, something that he claims was a part of the minutes, but which he did not enter on said minutes until after the court had adjourned, in vacation. The clerk has no power to enter anything as part of the minutes of the circuit court after that court has finally adjourned. He had no more power in this case to enter what was entered here in vacation than any other citizen in the county had. His act in so entering it in vacation was absolutely without power, and what he entered, of course, no part, in the eye of the law, of the minutes of the court. It is very much like the principle in respect to the alteration or contradiction of a written contract by parol in those cases in which the effort is, not to contradict the terms of the contract in any way, but to show, either that one of the parties had no capacity to make the contract, or that for some reason the contract was illegal, and hence that there never was any such contract in existence, in the eye of the law.

The precise distinction upon which I insist is stated by Prof. Wigmore in volume 4, p. 3457, § 2450, note 2, at the conclusion of that note, citing the case of *People* v. *Gray,* 25 Wend. (N. Y.), 465, as holding that "the original minutes of a trial during session, not made up as required by statute, are not the record." In that case, thus referred to, the court said, at page 468, speaking of the original minutes of a conviction: "By section 5 it is made the duty of the clerk, in any court in which judgment upon conviction has been rendered, to enter it fully upon the minutes, stating briefly the offense for which such conviction was had, and the court is to inspect such entries and conform them to the facts. The sixth section makes it the duty of the district attorney to prepare for the clerk the statement of the offense, as the same is charged in the indictment, to be entered in the minutes; but the court is to inspect it and see that it conforms to the indictment." And in the concluding portion of the opinion the court expressly held that minutes not made out in exact conformity to these statutory requirements constituted no record. That is exactly the proposition for which I here contend. Our statute, as pointed out in the brief of coun--

sel for appellant, requires the minutes to be drawn up, read, and signed by the judge of the circuit court before adjournment. It is not pretended that this part of-the pretended minutes was read by the judge after entry, or signed by him, on the last day of the term of the court. He signed nothing but a blank sheet of paper, leaving the clerk to fill in the space, of course intending that the clerk should fill it in before the court was adjourned; but the circuit clerk did not do this. The court was adjourned, leaving the last page of the minutes absolutely blank, and several days afterwards, during the next week, the clerk, in vacation, undertook to enter, and did enter, these pretended minutes over the signature of the judge, in the blank space. How can it be possible to hold, soundly, in view of the plain legal propositions that the clerk had no power whatever, after the adjournment of the court, to enter anything as minutes, and that the ending of the term of the court ended any power to enter the minutes, that parol proof cannot be heard to show that the said clerk entered these alleged minutes in vacation, when he had no power to enter them, and that hence they constituted no record, and, being no part of the record, the parol proof was competent to show that fact? To my mind the opposite ruling involves consequences that are extremely dangerous. What limit is there to entries that may be made by a circuit clerk in vacation, if only the circuit judge should sign in blank the minutes to be entered over his signature?

I do not care to enlarge. I merely emphasize, what I think is the manifest distinction, that in the cases relied upon by the court the effort was to contradict the recitation of fact in a record which was conceded to be a record on all hands; whereas, here the effort plainly is to do nothing of that kind, but merely and simply to show by parol that what is called the record never had any existence as a record, since it was entered by the circuit clerk in vacation after the court adjourned, when manifestly he had no power to make any such entry. See, also, carefully, the authorities cited in note 12, p. .3459, vol. 4, of Wigmore on Evidence, in respect to what constitutes the record.