## Steverson v. McLeod Lumber Co.

[81 South. 788, Division A, No. 20763.]

1. EVIDENCE. *Parol evidence. Contradictions of minutes of court.*

Where a motion was made to quash a writ of execution and vacate a default judgment on the ground that it was rendered on on what purported to be the first day of a regular term of the circuit court, when there could not have been a regular term

begun and held on such day. In such case it was not permissible by parol evidence to contradict the minutes of the court showing that the term was begun on one day, by showing that in fact it was begun on a later day.

2. *Same.*
   Judicial records required by law to be kept are made to import unerring verity, and to be conclusive evidence against all the world as to their existence, date, and legal consequences.

3. Courts. *Circuit courts. November term. Statutes.*
   Since the law provides that the regular November term of the circuit court of Forrest county must convene on the first Monday thereof, it follows that no regular term of this court could be convened on the third Monday of November except as provided by section 989, Code 1906, and that a court begun on this date was not a legal court, and therefore its judgments and orders were void, because the court was held at an unauthorized time.

Appeal from the circuit court of Forest county. Hon. R. S. Hall, Judge.

Suit by J. M. Steverson against the McLeod Lumber Company. From a judgment setting aside a default judgment and quashing the execution issued thereon, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Tally & Mayson,* for appellants.

The circuit court is a court of general jurisdiction and its judgments and proceedings are regarded as right unless the contrary clearly appears. Judges of the circuit and chancery courts have the power to cause the court to be convened and adjourned to a particular day as appears to be comtemplated in Code 1906, section 989, Hemingway's Code, section 709; but in the instant case the judge was present to direct the court to be opened and adjourned for the space of two weeks at which time he directed it to be re-convened. Court did convene two weeks from that day and stayed in

session two or three weeks, tried many cases both civil and criminal. Amongst other judgments rendered, as appears from the minutes, were quite a number sentencing parties to the state penitentiary for felonies committed. A grand jury was empaneled which returned bills of indictment, some of which were for capital felonies. If any authority was needed conferring upon the judge the power to open the court and adjourn it to a certain other day during the term, the power is especially conferred by p. 990 Code of 1906, Hemingway's Code, p. 710. The failure of the clerk to enter the order, as directed or requested by the judge, did not deprive the court of jurisdiction. *Ex parte Neil,* 90 Miss. 518, 43 So. 615; Enc. Pl. & Pr. p. 239, Corpus Juris, Vol. 1, Page 980.

In the case of the *State* v. *Harp,* (La.), 63 So. 500, the facts are somewhat similar to the case at bar, except that Mr. Harp was convicted of a capital felony. The court says: ''The subsequent minutes do not formerly recite the opening of the court but now that all proceedings during the trial were had in open court and that the accused was sentenced and appeared in open court. We therefore conclude that no fatal defects are patent on the face of the imperfect record before us. We are constrained, however, to admonish the clerk to keep the minutes of his court in proper form.''

The case of *The State* v. *Thompson* (La.), 46 So. 1013, the facts are very similar insofar as the postponement of the court is concerned, to the case at bar. This was also a criminal case. The party was indicted November 18, 1907, and arranged on November 19, 1907. He moved to quash the indictment. Says the court: ''The evidence taken on the motion to quash shows that the regular criminal term to commence on the fourth Monday of August, 1907, was not held but was adjourned. There is some dispute as to whether or not the court

was adjourned *sine die* by the sheriff, but the evi-
dence is clear that the judge ordered the court to be
adjourned until the second Monday in November, and
instructed that a venire of jurors be drawn and sum-
moned for that date.

The clerk, through inadvertence, did not enter the
order on the minutes; it further appears that this
adjournment was made at the unanimous request of
members of the local bar and officers of the court. On the
trial of the motion to quash the judge ordered the clerk
to correct the minutes on the regular term to show what
had occurred. The record does not show but the
presumption is that the minutes were corrected as
ordered.''

The learned circuit judge who sustained the motion
to vacate the judgment rendered in November, appeared
to be of the opinion that all acts done by the court in
November were void for the reason that it needed an
entry on the minutes of the court by the clerk, on the
first day that the court was to have convened, to vitalize
any subsequent proceeding. In this, we think, he is in
error. There is quite a difference in showing what
actually transpired, and undertaking to establish some-
thing that had no existence at all. There is and can be
no dispute as to what was done by the judge, the clerk,
the sheriff, and members of the bar, on the fourth day
of November, 1918. If nobody had assembled at the
court house for the purpose of holding court, then
there would have been no authority for the clerk or
anyone else to enter upon the minutes of the court an
order reciting that something was done when in fact
it was not done. The learned judge, then had the
idea to show by the officers of the court, including the
former judge, what was in fact done on the first day
of the term of the court was an effort to vary, con-
tradict or alter a public record by parol evidence.

In the case of *Palmer* v. *The State*, 73 Miss. 780, 20
So. 156, the term of the court had been opened by one

circuit judge whose term expired in the middle of the term. A day or two after his term expired his sucessor wa's appointed and resumed the business of the court where his predecessor had left off. The contention was made by able counsel that there was an *hiatus* in the term of the court, but that reason does not appeal to the court. Says the court "plainly this statute (referring to Code 1906, p. 990, Hemingway's Code, p. 710) prevents a discontinuance of the term of the court after the term has been commenced, because of a failure to sit, of the court, from any cause, from any day of the term that is once begun. The illness of the judge for a day; the death or resignation of the judge and a vacation in this office for a day; or the expiration of a term of office of the judge who began to reside over the court, or the intervention of a day before his sucessor qualifies and appears in the court, shall not work a discontinuance of the term.

We respectfully insist that when the court is open and directed by the judge to be adjourned to a certain day, that the re-assembling of the court on that particular day confers upon the court the jurisdiction to hear and determine causes for the rest of the term, whether the clerk discharge his official function by the entry of the order on the minutes or not. The entry of the order does not confer jurisdiction nor does the failure to enter the order oust the court of jurisdiction. *Er Parte Neil,* 90 Miss. 518, 43 So. 615. The death of a judge in the middle of a term and the expiration of some time before his suscessor was appointed, would not have the effect of discontinuing the term. *Ellis* v. *The State,* Am. St. Rep. 953.

The clerk misconceived the law in supposing that it was necessary to have a written order from the judge, directing the court to be opened and adjourned to a particular day. That is only necessary when the judge is absent; Code 1906, p. 989, Hemingway's Code, p. 709.

We take it that the reason it was necessary to have a written order was the fact that the judge was not present to speak for himself or for anyone else to do it and parties having business before the court could consult the clerk and read the order, if they saw proper, and know when to return, and manifestly it was not supposed necessary to have a written order when the judge himself was present and living almost in a stone's throw of the court house. It was not thought necessary that the order should be in writing when the judge was present. We think that is a reasonable construction to be placed upon Code of 1906, p. 990, Hemingway's Code, p. 710.

The date of an adjourned session may be fixed by oral order in open court, and while it is the duty of the clerk to make a note of such an order, the failure to do so is not fatal to the validity of the adjourned session; 15 Corpus Juris., p. 895, 258d.

Counsel are entitled to rely upon the court officers to properly record in the minutes proceedings had in open court and a default in making an entry cannot prejudice parties who rely on the integrity of the record. The failure of the clerk or recording officers to make a correct record, does not vitiate the proceedings in a court of record; 15 Corpus Juris., p. 980, p. 405. No effort is made in this case to contradict the true minutes of the court. Our contention is that if the minutes do not show everything that they should show; that the defects and omissions are the result of inadvertence, which has no bearing whatever on the question as to whether the court did or did not have jurisdiction. If, however, it should not appear by a minute entry, that the court was opened on a certain day and adjourned to another day, then that deficiency can be supplied by an order *nunc pro tunc.*

Every court of record had the inherent right to cause its acts and proceedings to be clearly set forth

on its records, and when brought to its knowledge that a record made by its clerk does clearly show the order or direction, it has authority to correct its records in accordance with the facts. *Kaufman* v. *Shin,* 111 Calif. 16, 52 Am. St. Rep. 139. The court has power to correct its record on its own motion or on the suggestion of anyone so as to make them conform to the truth. *Dewey* v. *Peters,* 161 Mass. 125, 42 Am. St. Rep. 433.

It was competent for the court at the January Term to have directed that the entry which should have been made on the first day of the November Term of the court be entered by the clerk *nunc pro tunc.* Such a proceeding is a proper even though the judge who pronounced the judgment was gone out of office; 1 Freeman on Judgments, p. 39a and 71. The theory herein contended for both as to the power of the court to make its records speak the truth together with and the kind of evidence admissible for such purpose is amply supported and pertinently illustrated by the case of *Wilson* v. *Town of Handsboro,* 99 Miss. 252, 54 So. 845, and authorities cited.

These views are entirely in harmony with the case of *Hammond-Gregg Co.* v. *Bradley,* recently decided by this court. 80 So. 489. The language in that opinion is very applicable to the case at bar, when the court says: "But what appellee is attempting to do here is not to contradict the true minutes of the court, but to show that the minutes, as they now appear, are not the true minutes actually drawn up, and for such a purpose parol evidence is admissible."

In the case at bar, the appellant sought not to take anything from the minutes of the court or to vary what was there in any respect, but merely to show that the clerk had inadvertently neglected to record any entry showing the opening of the court or the commencement of the term.

*Stevens & Cook,* for appellee.

In the consideration of this question there are several propositions involved. We submit in the first place that the sole and only evidence of whether there was or was not a legal term of court is to be determined by the official minutes of the court. · That, according to these official minutes, court was begun on the third Monday and 18th day of November, 1918, instead of upon the first Monday and 4th day of November, 1918, as is provided by law. We submit in the next place that if it were permissible to establish a session of the court, by parol, on the first Monday of November the testimony offered by appellant, instead of showing a session of the court on the first Monday, showed that there was no session of the court on the first Monday. And, in the third place, since there was no written order of the judge adjourning court from the first to the third Monday in November, and since there was no session of the court during the first week of November and no order convening and adjourning court from the first to the third Monday in November, the convening of court for the first time on the third Monday of November was ineffective because the term of court had lapsed.

Upon the proposition that parol evidence is not admissible to contradict a judicial record we cite the following authorities: *Jones* v. *Williams,* 62 Miss. 183; *Childress* v. *Carley,* 92 Miss. 571, 46 So. 164; *Bank of Meadville* v. *Hardy,* 94 Miss. 587, 48 So. 731.

In the instant case the minutes of the court show that the court was convened for the first day on the 18th day and third Monday of November, 1918. Appellant attempted to show by parol that in point of fact this was not true, but that the first session of the court was held on the first Monday of November, instead of on the third Monday, and that court was adjourned over to the third Monday. The authorities

here cited, therefore are directly in point. If court was actually convened on the first Monday of November and adjourned over to the third Monday of November, then the recital in the minutes of the court that "there was begun and held a regular term of the circuit court of Forest county, at the court house in the city of Hattiesburg, on the third Monday of November, 1918, it being the 18th day of November, 1918, therefore, that being the time and place designated by law for the holding of said court," is untrue and we are presented squarely with the question whether or not the minutes can be contradicted or varied by parol. The authorities cited hold that this cannot be done. *Bank of Meadville* v. *Hardy, supra,* 94 Miss. 587.; *Beard* v. *McLain,* 117 Miss. 316, 78 So. 184.

The court scheme of our statutes for regular and special terms of court are found in the following: As to special terms, chapter 239 of the Laws of 1914, amending chapter 988 of the Code of 1906 (Sec. 708 of Hemingway's Code). We do not set out this chapter because it is not involved in the case at bar. There is no pretence that the judgment which is being attacked was rendered at a special term of the court. Sec. 989 of the Code of 1906 (Sec. 709 of Hemingway's Code) is as follows:

"If the circuit judge or chancellor fail to attend at any term of the court it shall stand adjourned from day to day until the 5th day when if the judge or chancellor shall not appear and open court, it shall stand adjourned without day; but, by virtue of a written order to that effect by the judge or chancellor, it may be adjourned by the clerk or sheriff to the next regular term, or to any earlier day, as the order may direct, and parties, witnesses, and jurors must attend accordingly."

Sec. 990 of the Code of 1906, sec. 710 of Hemingway's Code, is as follows: "No discontinuance for certain things.—If any court shall not be held at any term,

or shall not continue to sit the whole term, or during the term shall not have heard and determined all matters standing for trial, then all suits and proceedings remaining undecided shall stand continued of course until the next term; and if the court shall not sit on any day of the term after it shall have commenced, there shall not be any discontinuance, but the court may proceed to business on any subsequent day until the end of the term; and any court may take a recess to any day within the time during which it may be held."

It is thus seen that the statutory scheme for the holding of court is as follows: If the judge is present he must open court, but may adjourn to a later day of the term or recess to a latter day of the term. If he fails to hold court any day of the term after opening the same, the term does not discontinue, but business may be resumed on any subsequent day of the term fixed by law. Any term, special or regular, may be extended or continued in session by order on the minutes if business requires in order to complete the business. If the judge fails to appear at the beginning of any term court stands adjourned from day to day for five days, when "if the judge or chancellor shall not appear and open court it shall stand adjourned without day." By a written order to that effect by the judge or chancellor the clerk or sheriff may adjourn the court to the next regular term, or to any earlier day, as the court may direct, and parties, witnesses, and jurors must attend accordingly.

There was no written order given by the judge to the clerk or sheriff, under the authority of which either of them might have adjourned the court over from the first Monday to the third Monday. No attempt is made by appellant to uphold its judgment on the ground that a written order of adjournment was given. The minutes of the court contain no such order. According to the clerk's testimony the official minutes of the court for the first day of the court began immediately after the

vacation minutes of the court, and the caption of the November term constitutes the first page of the minutes of the court and shows that the court convened for the first time on the third Monday of November, and not on the first Monday of November.

It is thus made to appear from the minutes themselves that there was no session of the court on the first Monday, and there was no order adjourning court to the third Monday in November. Since the judge failed to appear and open court within the first five days of the term, as provided by law, the court stood adjourned without day under the express provisions of section 989, *supra*. A desperate attempt was made by appellant to show a sort of attempt at adjourning the court from the first Monday. The then circuit judge was introduced as a witness for this purpose. We submit that upon the judge's own testimony there was no session of the court held on the first Monday in November.

Appellant cannot rely on section 989, Code 1906, section 709, Hemingway's Code, because there was no written order given to the clerk or sheriff to adjourn court. Appellant cannot rely on section 990, Code 1906, section 710, Hemingway's Code, because court was never commenced. There was no opening of court, therefore no organization of same and no session of the court. "A session of court is the time during a term in which the court sits for the transaction of business, and a court is not in session until the judge arrive and opens court." 15 Corpus. Juris., page 875, sec. 217.

Failure to open court on the day fixed for the beginning of a term results, at common law, in a lapse or loss of the whole term, so far at least as the holding of court is concerned, but where no particular hour for the convening of the court is fixed, a term does not lapse because the judges fail to appear before noon, but they may lawfully meet and open court at any time before the close of the day. The inconvenience re-

sulting from the common-law rule has, however, led to
a very general enactment of statutes preventing a
lapse of the term, by permitting some ministerial
officer to adjourn sessions until the judge shall appear,
or by giving the mere non-appearance of the judge the
effect of an adjournment from day to day for a limited
time, within which the court may be convened, although
if the time prescribed lapses without the appearance
of the judge or the opening of court, the term lapses.
15 Corpus. Juris., page 888, sec. 242.

Under section 989, Code 1906, sec. 709, Hemingway's
Code, the failure of the judge to open court within the
first five days of the term fixed by law operated to
adjourn the court without day.  See also 11 Cyc., page
736, sec. 6: "Lapse or discontinuance of term.  Where
the judge fails to appear on the day fixed by law for
the opening of a term his non-appearance will result
in the lapse and loss thereof in the absence of some
constitutional or statutory provision preserving the
term in such case," and 21 Encyclopedia Pleading and
Practice, 637, says: "Lapse of term or session.  Where
term is not opened—The common law.  A failure to
open court on the day fixed for the beginning of the
term results at common law in the lapse of the whole
term so far at least as the holding is concerned."

To the same effect is the holding in the case of
*In re Terrill,* 52 Kan. 29; 39 Am. State Reports, 327,
in which the syllabus is in the following language:
"Courts. Terms of. Power of Clerk to Adjourn.—The
failure of a judge to attend and open his court upon the
day appointed by law for the beginning of the term
operates to lapse and end that term, and no further
session of the court can be held until the next regular
term, or until a special term is legally called.  In such
case the clerk of the court cannot, in the absence of
statutory power, adjourn the court from day to day
or until a future day, and the arrival of the judge for the
commencement of the term.

"Void Judgments. Jurisdiction. Lapsed Term of Court. A person tried and convicted of crime at a lapsed term of court, and at à time when the court cannot legally be held, is tried when the court is. without jurisdiction, and the judgment of conviction is void." See, also, *Norwood* v. *Louisville & Nashville Railroad Company* (Ala.), 42 So. 683; *Forbus* v. *State,* (Ala.), 48 So. 592; *Farr* v. *State,* 33 So. 660.

Since there was no legal term held, the court's action in rendering judgment against appellee at the November term was unauthorized. On this point, in addition to the authorities already cited above, we refer the court to case decided by this court in February, 1911, styled *Arbour* v. *Yazoo & Mississippi Valley R. R. Co.,* 98 Miss. 714, 54 So. 158; See page 728, 11 Cyc., and notes; *Hallman* v. *Hog,* 83 Mo. 370; *State* v. *Ross,* 118 Mo. 10, cit. 47.

Opposing counsel take the position that because the judge was in town on the first Monday in November, and possibly visited the sheriff's and clerk's office in the court house, according to the parol testimony he was holding court. Their citation of authority to the effect that an adjourned session may be fixed by oral order in open court is not in point here because the authorities cited presuppose a session of the court and an order by the organized court in session when the order of adjournment is made.

The case of *State* v. *Harper* (La.), 63 So. 500, cited by counsel is not in point. In that case the minutes showed an opening of the court and proper organization of grand jury, and simply failed to show the formal opening of court from day to day. There was no question of contradicting the minutes of the court.

The case of *State* v. *Thompson* (La.), 46 So. 1013, cited by opposing counsel, is not in point, because court was in session when the order of adjournment was given and a *nunc pro tunc* order was given the clerk to cure the omission. There is no question of attacking by

parol the minutes of the court. Furthermore there was no question but that during the session of the court the judge ordered the court to be adjourned until a later date. In the instant case the minutes affirmatively show that there was no session of court at which an adjourning order could be given. All of opposing counsels' argument and reference to authorities with reference to *nunc pro tunc* orders, are inapplicable here because in the first place, it affirmatively appears that there was no convening of the court on the first Monday, and there was no order adjourning the court over to the third Monday. The *nunc pro tunc* order is intended to merely authorize the ministerial act of entering an order which was actually given at a previous date, and is not intended to supply omitted action. In other words, a *nunc pro tunc* order is not an *ex post facto* order, or a doing of a thing now for then, which was not actually done. It is the evidence of a thing done rather than the doing now of a thing which was previously omitted. To be concrete, since the judge did not convene court on the first Monday and adjourn the court over to the third Monday, his successor could not, in January, convene the November term of court on the first Monday and adjourn it over to the third Monday by having the clerk enter an order to this effect upon the minutes of the court.

The case of *Palmer* v. *The State,* 73 Miss. 780, 20 So. 156, cited by counsel, is not applicable. In that case the term of the presiding judge expired in the middle of a court term, and the day after his term expired, his successor was appointed and resumed the business of the court where his predecessor had left off. The court held that section 990, Code 1906, (Hemingway's Code, sec. 710), prevents a discontinuance of a term of the court after the term has commenced. In the instant case, according to the official minutes of the court, the term of the court had lapsed before an attempt was made to hold the court.

The case of *Wilson* v. *Town of Handsboro,* 99 Miss. 252, 54 So. 845, cited in opposing counsels' brief, is an interesting case and goes to the farthest permissible limit when it holds that the court may correct a judgment rendered at a former term, so as to strike out the judgment erroneously entered by a mistake of the clerk, and substitute for it the wholly different judgment actually rendered by the court. In that case, however, the question did not go to the validity of the court, or the jurisdiction of the court, but only to the question as to the power of the court to correct the clerk's mistake in entering a different judgment from the judgment which was actually rendered in the civil case by the court. There was no dispute in the case as to what judgment the court actually rendered.

Opposing counsel refer to 1 Ency. of Pleading and Practice, 239. We find no authority there to support their contentions. Respectfully submitted.

SYKES, J., delivered the opinion of the court.

The appellant, J. M. Steverson, filed suit in the circuit court upon an open account for six hundred and eighty-two dollars and fifty-six cents. Judgment by default was taken by appellant for the principle and interest on November 18, 1918, and execution was issued upon this judgment shortly thereafter. Appellee then filed a motion in the circuit court to quash the writ of execution, and to set aside and vacate the judgment, assigning, among other reasons, that the pretended judgment was rendered on the 18th day of November, 1918, on what purported to be the first day of the regular term of the circuit court of Forrest county, when as a matter of fact there could not have been a regular term of this court begun and held on this day; that the pretended November term of the court was not held at the time designated by law, to wit, the first Monday in November, 1918, nor was the reg-

ular November, 1918, term of the court convened and held and subsequently, by legal order, adjourned to the 18th day of November, 1918, or to any other date; that for these reasons the judgment is void. This motion was sustained in the lower court, and the default judgment was set aside and the execution quashed. From this judgment this appeal is prosecuted.

Chapter 265 of the Laws of 1914, section 458 of Hemingway's Code, provides, among other things, that a term of the circuit court of Forrest county shall be held on the first Monday of November for thirty days.

On the trial of the motion to quash and vacate the judgment the minutes of the court were introduced showing, the organization, and reading as follows:

"Minutes, Forrest county circuit court, November, 1918, term. Be it remembered that there was begun and held a regular term of the circuit court of Forrest county, at the courthouse in the city of Hattiesburg, Miss., on the third Monday of November, 1918, it being the 18th day of November, 1918, thereof; that being the time and place designated by law for the holding of said court; present and presiding the Hon. Paul B. Johnson, judge of the Twelfth circuit court district of said state, Hon. R. S. Hall, District Attorney, Jennie F. Smith, official court stenographer, A. E. Harbison, sheriff of said county, and T. J. Mixon, clerk of the circuit court."

The appellant attempted to introduce parol testimony of the then circuit judge who held this term of court, of the sheriff, and of the circuit clerk, to show in effect that on the 1st day of November the circuit judge went to the office of the sheriff and had a conference with him and the circuit clerk and with some members of the bar, and decided that on account of the epidemic of Spanish influenza he would not hold court for the first two weeks, but would begin court on the third Monday of November, the 18th instant; that he told the sheriff to proceed to the courtroom and make the an-

nouncement.   We might say in passing that, even if this parol testimony was admissible, it does not show that any court was held on the first Monday of November.

Section 989 of the Code of 1906 (section 709 of Hemingway's Code) provides that if the circuit judge fail to attend at any term of court, it shall stand adjourned from day to day until the fifth day, when if the judge shall not appear and open court, it shall stand adjourned without day; but by virtue of a written order to that effect by the judge it may be adjourned by the clerk or sheriff to the next regular term or any other earlier day as the order may direct.   There was no written order from the judge to the clerk to adjourn the court until the third Monday in November.

The parol testimony, however, attempted to be introduced in evidence by the appellant was inadmissible, because it was an attempt by parol testimony to contradict the minutes of the court, the attempt being in this case to contradict the minutes of the court which show that the court was begun on the 18th day (third Monday) of November, by showing as a matter of fact that the term was begun on the fourth day (first Monday) of November.   This exact question was presented to the court in the case of *Jones* v. *Williams,* 62 Miss. 183. In the Jones Case the effort was to contradict by parol testimony the minutes of the court to show the day of the adjournment of the court, instead of the day of the opening of court.   In the Jones Case the court said:

"The settled doctrine seems to be that the evidence proposed to vary the date shown by the record is not admissible (citing authorities).   Judicial records required by law to be kept are said to import unerring verity, and to be conclusive evidence against all the world as to their existence, date and legal consequences."

The court reaffirmed and quoted with approval from the Jones Case in *Childress* v. *Carley,* 92 Miss. 571,

46 So. 164, 131 Am. St. Rep. 546. In the opinion in the Carley Case the court quotes from Wigmore on Evidence, p. 3457, section 2450, as follows:

"The record being the sole embodiment of the judicial proceedings, no other materials or utterances, oral or written, can be set up in competition with it. In other words, but less correctly, the record is conclusive. This is so, even though the record has not been made up; for herein appears the compulsory nature of the rule. It must be made up, and, if it not, then in legal theory there is no judgment or legal proceedings; and it is always in the power of litigating parties to prevent hardship by compelling the proper officer to make up the record."

After quoting the above text with approval the court goes on to say:

"The law requires the record to be complete and when it so purports to be on its face in law it is complete, and it is not subject to impeachment."

Practically a similar question was again presented to the court for review in the case of *Bank of Meadville* v. *Hardy,* 94 Miss. 587, 48 So. 731. In its opinion in that case the court quotes from the Jones and Carley opinions both, and reaffirms the doctrine announced in those two cases. We therefore conclude that in this case under these authorities parol testimony was not admissible to contradict the date shown in the minutes of the court as being the first day of that court.

Since the law provides that the regular November term of the court of Forrest county must convene on the first Monday thereof, it follows that no regular term of this court could be convened on the third Monday of November except as provided by section 989, Code of 1906, and that a court begun on this date was not a legal court, and therefore its judgments and orders were void, because the court was held at an unauthorized time. *Arbour* v. *Y. & M. V. Railroad Co.,* 98 Miss. 714, 54 So. 158.

The case of *Ex parte Neil,* 90 Miss. 518, 43 So. 615, relied upon by appellant, was. one where the special term of court had been properly called, proper notice of the time and place for holding same had been given, and the order calling this term had been made and filed with the clerk, but the clerk merely failed to enter this order on the minutes. In that case the court held that the failure of the clerk to enter the order on the minutes of the court did not oust the court of its jurisdiction to proceed.

The case of *Wilson* v. *Town of Handsboro,* 99 Miss. 252, 54 So. 845, Ann. Cas. 1913E, 345, deals with the power of a court to correct its judgments and records, and holds that a court has the inherent power to amend its records to make them conform to the facts and truth, or to make these records speak the truth.

In this case we are not dealing with either of the questions presented in the Neil or Wilson, Cases.

The judgment of the lower court is affirmed.

*Affirmed.*