## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00584-SCT

*ROBERT ODOM*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/06/95 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/14/9**7** |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

### I.

On November 30, 1960, Robert Odom plead guilty to four causes and was sentenced to life plus thirty years. On May 17, 1993, in the Circuit Court of DeSoto County, Odom filed a petition to vacate conviction and sentence of all four causes pursuant to the Post-Conviction Collateral Relief Statute, Miss. Code Ann. § 99-39-1, *et seq*. On June 21, 1995, the trial court appointed Susan Brewer counsel for Odom. On July 20, 1995, Odom filed a petition for habeas corpus alleging he was being improperly detained and incarcerated by the State of Mississippi. Odom's petition was based upon *Strickland v. Howell*, 654 So.2d 1387 (Miss. 1995), since the court record lacked Odom's sentencing order. On July 25, 1995, Circuit Court Judge Andrew Baker issued a writ of habeas corpus ordering that Odom appear before him. A hearing was held on August 4, 1995. The circuit

court denied Odom's petitions. Odom indicated that he wished counsel to withdraw as counsel for the appeal, which the court granted.

## II.

The record reflects that Robert Odom committed crimes, was indicted, arraigned, tried, confessed to said charges, convicted and sentenced to prison based upon four charges on November 30, 1960. Specifically, Odom plead guilty to armed robbery, cause number 1511, and sentenced to life imprisonment. Odom plead guilty to burglary and larceny, cause number 1512, and sentenced to ten (10) years imprisonment to run consecutively with cause 1511. Odom plead guilty to burglary, cause number 1513, and sentenced to ten (10) years imprisonment to run consecutively with causes 1511 and 1512. Odom plead guilty to assault with attempt to rape, cause number 1514, and sentenced to ten (10) years imprisonment to run consecutively with causes 1511, 1512, and 1513. Also on November 30, 1960, Odom waived the five day jail waiting period before being sent to the state penitentiary.

Odom was paroled in the early 1980's. However, Odom violated his parole in Indianapolis, Indiana when he was charged and convicted of rape. Once Odom served his Indiana sentence, he returned to Mississippi to finish serving his Mississippi sentence.

## III.

Odom's petitions are based on the fact that the record lacks a sentencing order and is very old, dating back to 1960. Odom claims that the record reflects that the court improperly proceeded with his conviction and incarceration since it appears that Odom committed the crime on November 30, 1960, and also was arrested, indicted, and convicted on the same day. Odom claims that he did not participate in any of the proceedings of his conviction and did not plead guilty to the four causes. At the hearing, Odom contended that since the record contains only the commitment papers and no sentencing order, he was being improperly incarcerated by this State.

The indictments state that Odom actually committed the crimes on November 30, 1960. Some controversy exists as to whether the November 30, 1960 date was when the grand jury convened to indict Odom or whether that was also the same day as the crimes. The State argued at the hearing that court procedure in 1960 was for the court to put the date of the offense on the indictment as the date that the grand jury convened. The State maintained that at a later time the court often amended the date.

## A.

### WHETHER THE TRIAL COURT PROPERLY DENIED THE WRIT OF HABEAS CORPUS?

Odom's central argument revolves around the fact that the record lacks a sentencing order and only contains a commitment. In the recent case, *Strickland v. Howell*, 654 So.2d 1387, 1388 (Miss. 1995), we held that a commitment paper was not a judgement and not necessarily sufficient to withstand a habeas corpus attack. We stated:

A commitment paper is not a judgement. Rather, the validity of a commitment depends on the

judgement behind it. *Hode v. Sanford*, 101 F.2d 290 (5th Cir. 1939). Therefore, in a habeas corpus proceeding, a court is under the duty to explore the foundations of the commitment. *Hill v. United States ex rel Wampler*, 298 U.S. 460, 467 (1936).

*Strickland*, 6654 So.2d at 1389.

At the hearing, the court minutes of Odom's plea proceedings were offered into the record. The minutes reflect that Odom plead guilty to all four causes and included the sentences for each cause. The minutes also reveal that Odom waived his five day jail period before taken to the State penitentiary. The trial judge concluded:

> At the hearing, the State of Mississippi conceded that the files did not contain a sentencing order signed by the trial judge. However, the State presented certified copies of the minutes of the Court reflecting the plea, conviction and sentence of the Petitioner. The minutes were signed by Judge Curtis Swango, the Circuit Court Judge at that time of Petitioner's plea, sentence and conviction. This Court finds that the plea, sentence and conviction constitutes a valid judgement supported by Judge Swango's signature on the minutes page for November 30, 1960, and that, therefore, the Petition for Writ of Habeas Corpus is without merit and should be Denied.

On appeal, Odom maintains the same position as that at trial, he did not plead guilty or participate in any of the proceedings and the minutes are insufficient to support a commitment of incarceration.

Odom is incorrect in contending that court minutes do not substantiate or act as a judgement and foundation for which a commitment justifies incarceration. Absent a showing of forgery, fraud, or other irregularity, the minutes import unerring verity. *Childress v. Carley*, 92 Miss. 571, 46 So. 164 (1908). *Childress* stated:

> Judicial records required by law to be kept are said to import unerring verity, and to be *conclusive* evidence against all the world as to their existence, date, and legal consequences.

> The minutes of the proceedings of the circuit courts are required to be entered by the clerk, read in open court, and signed by the judge.... These minutes are a record of the most solemn character and entitled to the highest degree of verity ever attached to records.

*Id..*, 92 Miss. at 573, 46 So. at 165 (*quoting Jones v. Williams*, 62 Miss. 183, 184 (1884)). The trial court explored the foundations of the commitment by examining the November 1960 court term minutes. These minutes are adequate to reflect that Odom plead guilty to the four causes and was sentenced to life plus thirty years.

Odom also incorrectly contends that the minutes were not properly signed. Odom points out that the minutes of his plea and conviction are dated November 14, 1960, two weeks before the November 30, 1960 proceedings. However, November 14, 1960, is the date the circuit court convened for the November term of court and does not actually reflect that the November 30, 1960, proceedings occurred on November 14, 1960. Furthermore, Odom contends that the minutes do not reflect the signature of the judge, Odom, or his counsel.

The Mississippi Code 1942 Annotated § 1665, applicable in 1960, read:

> The minutes of the proceedings of the Supreme, circuit, chancery and county courts shall be entered by the clerk of each, respectively, in the minutebook of the court, against the next sitting of the court, if practicable, when the same shall be read in open court; and when corrected shall be signed ...; and on the last day of the term the minutes shall be drawn up, read, and signed on the same day, or before the adjournment of the court.

We have stated that the code contemplates that the minutes must not be mandatorily signed by the presiding judge until the last day of the term. *Grant v. State*, 189 Miss. 341, 197 So. 826, 827-28 (1940). The supplemental record reflects that the circuit court judge signed the minutes at the end of the term. Therefore, the trial court correctly concluded that the minutes were properly signed.

**B.**

**WHETHER THE TRIAL COURT PROPERLY DENIED ODOM'S POST CONVICTION RELIEF PETITION?**

Odom's motion to vacate conviction and sentence pursuant to the Post Conviction Statute alleges that the plea of guilt was not voluntary and he was not advised of his rights, as well as, he was denied any hearing and was immediately sent to Parchman. Specifically, Odom contends that his plea of guilt was not knowingly, intelligently and voluntarily entered; he was not advised of his right to remain silent and right to confront and cross-examine adverse witnesses; he was not advised of the nature and the elements of the offense of which he plead guilty; he was not advised of the maximum and minimum penalties; the trial court found no factual basis for which he plead guilty; he was coerced; he was denied assistance of counsel. The court record lacks any course of the proceedings other than that Odom was indicted by the grand jury, and the minutes reflect that Odom was appointed counsel, plead guilty, and waived his five day jail period before being sent to Parchman.

At the hearing, the trial court determined that the post conviction relief petition was barred by the statute of limitations except for the constitutional right to the assistance to counsel. The minutes found in the supplementary record reflect that the court appointed two attorneys to assist Odom in 1960. Therefore, the trial court correctly found that Odom was not denied assistance of counsel.

On appeal, Odom only contested the constitutional right to assistance of counsel and did not appeal any of the other complaints in his post conviction relief petition. However, even had Odom done so, he clearly was barred by the three year statute of limitations provided in Miss. Code Ann. § 99-39-5(2). In *Odom v. State*, 483 So.2d 343, 344 (Miss. 1986), we stated that individuals convicted prior to April 17, 1984, have three years from April 17, 1984, to file their petition for post conviction relief. Odom filed his petition on May 17, 1993, clearly later than the allotted time for filing.

**IV.**

In conclusion, while *Strickland v. Howell* is applicable in the case *sub judice*, the trial court properly explored the foundations of the commitment by examining the minutes. The minutes reflect that Odom plead guilty to the four causes and was sentenced to life plus thirty years to run consecutively.

The minutes also reflect that Odom was not denied assistance of counsel. Therefore, we affirm the trial court's denial of Odom's petitions for post conviction collateral relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**