### SHEP PALMER v. THE STATE.

1. COURTS. *Circuit court. Terms thereof. Absence of judge. Discontinuance. Code of 1892, §913.*

   Under §914, code of 1892, providing against discontinuances, when, during a term of the circuit court, the official term of the judge thereof expires by limitation, and one day and a part of another elapse before the vacancy is filled and his successor begins to preside, the court being regularly adjourned by the sheriff from day to day during the interval, the validity of the subsequent proceedings of the term is not affected by the absence of a judge competent to preside during such interval.

FROM the circuit court of the first district of Hinds county.
HON. ROBERT POWELL, Judge.

The appellant was indicted at the January, 1896, term of the court below for murder. At the time he was indicted and arrested upon a bench warrant, Judge J. B. Chrisman was the presiding judge of the court. He was arraigned, tried, convicted, and sentenced by Judge Robert Powell, the successor in office of Judge Chrisman. The defendant moved in arrest of judgment that Judge Powell had no jurisdiction to try and condemn him. When the motion came on to be heard he offered to prove, in support of his motion, that Judge Chrisman's term of office expired by limitation on January 21, 1896, and that he then gave up his office, and that Judge Powell's term of office began on January 23 of that year, on which day he entered upon the discharge of its duties, presiding as judge in the court below. This evidence was excluded as irrelevant and the motion in arrest of judgment overruled, defendant excepting and afterwards prosecuting this appeal.

*W. H. Watkins*, for the appellant.

When Judge Chrisman's term expired, on January 21, 1896, and he gave up his office, there was no judge of the court below until January 23, and the term necessarily came to an end by reason of the interregnum thus created. The court was neither actually nor constructively in session during the interval preceding Judge Powell's appointment. The January term had closed by reason of the absence of a judge competent to preside. The next regular term occurred in July, and no steps were taken to provide for a special term, under § 912, code 1892. A term of court is synonymous with a session of court. 25 Am. & Eng. Enc. L., 949. It may be terminated by a variety of causes. The judge may adjourn the court before the expiration of the period limited by law, or he may die, and the term would be at end in the absence of any statutory saving. There can be no court without a judge. Blackstone's Com., bk. 3, par. 24, 25; 2 Bacon's Abr., p. 616; 1 Bouvier's Law Dict., p. 374. The question is not affected by § 914, code 1892, in relation to discontinuances. That statute is merely declaratory of the common law, and is intended to prevent a discontinuance when there has been nothing to finally adjourn the court. *Vandyke* v. *State*, 22 Ala., 60. The evidence offered in support of the motion in arrest of judgment should have been admitted, and the judgment sustained. The whole trial before Judge Powell was *coram non judice* and void.

*Wiley N. Nash*, attorney-general, for the state.

The action of the court below needs no argument to support it. The question is settled adversely to appellant's contention by § 914, code 1892, expressly designed to prevent discontinuances in states of case like that shown by the present record.

Argued orally by *W. H. Watkins*, for the appellant, and by *Wiley N. Nash*, attorney-general, for the state.

---

---

WOODS, J., delivered the opinion of the court.

If all the evidence sought to be introduced in support of the motion in arrest of judgment had been admitted, the judgment of the learned court below on the motion must have been precisely that which was rendered.

Under our system of laws, there is a court provided for, a tribunal in which law is judicially administered; there is created an official called a judge, who presides in such court, and there is a term, or fixed period of time, in which the court shall be held. The court is one thing, the judge another thing, and the term a third thing. The court may convene and adjourn, from day to day, in the absence of a judge, though no judicial proceedings may be had without a presiding officer—a judge. The court does not perish because the judge may not be present each and every day. Our statutes abound in provisions intended to provide against such discontinuance of the court. So, also, our statutes provide against any discontinuance of a term—the fixed time in which a court must be held—because of the temporary absence of the presiding officer of the court.

Section 914, code of 1892 (which, in substance, may be traced in our legislation for more than seventy years), has a twofold purpose. The first is designed to prevent the discontinuance of suits where terms of court are not held, or where the court does not sit the whole term, or during the term does not hear all causes standing for trial, and no formal entry of continuance is made in such cases, as was formally the absurd requirement of practice in order to prevent such discontinuance; and the second purpose is to prevent the equally absurd discontinuance of a term of court because it does not actually sit for the transaction of business on any day of the term after it has commenced. The language of the second member of the section is in these words, and is free from all ambiguity, viz.: ''And if the court shall not sit [*from any cause* may be read in, as is actually provided, in those very words, in Laws of 1822, p. 25] on any day of the term, there shall not be any discontinuance,

but the court may proceed to business on any subsequent day until the end of the term; and any court may take a recess to any day within the time during which it may be held."

Plainly this statute prevents a discontinuance of a term of court after the term has been commenced, because of a failure to sit of the court from any cause for any day of the term thus once begun. The illness of the judge for a day; the death or resignation of the judge and a vacancy in that office for a day; or the expiration of the term of office of the judge who began to preside over the court, and the intervention of a day before his successor qualifies and appears in court, shall not work a discontinuance of the term. There might arise an extraordinary conjuncture of circumstances which, *ex necessitate*, would operate to discontinue a term. But there was no such conjuncture offered to be shown in the case before us. Here the term of office of the judge who began the term of the court, expired on January 21. On the evening of that day the court was regularly adjourned to the following day. No judge appearing in court the next day, the court was properly adjourned again by the sheriff until the next succeeding day, January 23, on which day the newly qualified judge appeared and took up the burdens laid down by his predecessor on the twenty-first. There was simply the absence of a judge competent to preside and continue the court for one day, but, unless we are to do violence to the letter and spirit of our statute, there was no cessation of the court and no discontinuance of the term. The statute was designed to prevent the inconvenience and mischiefs which flowed from the ancient and unreasonable notion that the absence of the judge for a single day, at any term of court, operated to discontinue all causes undisposed of and not formally continued to the next term, to discontinue the term, also, and to dissolve the court itself.

*Affirmed.*