WILLIAMS *et al. v.* SIMON.

(En Banc. March 31, 1924.)

[99 So. 433. No. 23662.]

COURTS. *Power of chancellor to authorize clerk or sheriff to adjourn court to later date exhausted when once exercised.*

The power granted a judge or chancellor who fails to attend at any term of his court to authorize the clerk or sheriff to adjourn the court to a later day is exhausted when once exercised, and, should the judge or chancellor fail to attend the adjourned term on the day appointed for the commencement thereof, the term lapses, and cannot be adjourned on his order to a later day.

ANDERSON and HOLDEN, JJ., dissenting.

APPEAL from chancery court of Tunica county.
HON. G. E. WILLIAMS, Chancellor.

Suit by Joe Simon against Burch Williams and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

*Dulaney & Jaquess,* for appellants.

The Chancellor Erred in Proceeding With the Hearing of This Cause in Vacation, Without the Consent of the Defendants and Over Their Protest, and in Attempting to Render a Decree Based on Such Hearing.

The court provided for in the order of the chancellor for Monday, December 18th, was not a legal term.

I.  It was not a special term because twenty days had not elapsed since the order of the chancellor, as required by the statute.

II.  It was not an extended term or an extension of the regular term, because: (a) The term was not extended for the only reason authorizing an extension contained in section 708, that is, that the business of the chancery court of Tunica county made it advantageous; but it appears from the order of the chancellor that it was extended because the business of a special term of Leflore county made it advantageous.  (b) The order of the chancellor did not, as the statute requires, designate a time for which it was extended; but merely stated that court was adjourned until Monday, December 18, 1922.  (c) It was not extended for the only purpose contained in section 727 authorizing an extension, that is, to complete the trial of a case which had been begun during the time provided by law for the term.

III.  It was not a legally adjourned term because: (a) On December 18th the chancellor was actually engaged in holding a special term of the chancery court of Leflore county.  (b) On that date the law required that the chancellor hold a regular term of the chancery court

of the First District of Coahoma county. ' (c) Under the authorities above cited, the chancellor could not maintain three terms of his court in three separate counties in session at the same time. *Beard* v. *McLain,* 117 Miss. 316, 70 So. 184.

At common law, if the chancellor failed to appear on the first day of a term, the terms lapsed. 15 C. J. 888. In *State* v. *Holmes,* 56 Iowa, 588, 41 Am. Rep. 121, the statute provided that if the judge does not appear by five o'clock of the third day the court shall stand adjourned till the next regular term; that if the judge is sick or for any other sufficient cause is unable to attend court at the regularly appointed time, he may, by a written order, direct an adjournment to a particular day therein specified and the clerk shall on the first day of the term or as soon thereafter as he received the order adjourn the court as therein directed. The judge sent a telegram and also an order by mail. The court held that the telegram was good as a written order, but that as the order mailed did not arrive until after five o'clock p. m. it could not have any bearing on the case.

*Cutrer & Smith,* and *Cook, Roberson, Yerger & Cook,* for appellee.

The contention of appellee is that the case was not heard in vacation, but was heard at the regular adjourned December term of the chancery court of Tunica county, Mississippi. We further contend that if it were not an adjourned term, it was a special term, duly and regularly called, as provided by law.

The reasons given by appellant for contending that no special term was begun and holden on December 18, 1922, was because twenty days had not elapsed since the order of the chancellor, as required by section 708 of Hemingway's Code. Counsel's position in this regard is untenable, as has been expressly held by *Friar* v. *State,* 4 Miss. 422.

As further demonstrating that the provisions as to time, manner of publication, and notice of a special term is purely directory, the supreme court has expressly held that jurisdiction is not ousted by the mere failure of the clerk to enter on the minutes of the court, the order calling the special term. *Ex Parte Neil,* 90 Miss. 518, 43 So. 615. We, therefore, earnestly submit that under the procedure had in this particular case, the period from Monday, December 18th, through Thursday, December 21st, could have been a special term.

But it is our earnest insistence that it was a legally constituted adjourned term of the chancery court, duly and legally organized, as made and provided by law. Section 709, Hemingway's Code. It is true that the chancellor did not appear on Monday, December 18th, nor on Tuesday, December 19th, but the clerk, as provided by section 709, adjourned court from day to day; that is to say, adjourned court from Monday, December 18th, to Tuesday, December 19th, and again from Tuesday, December 19th, to Wednesday, December 20th, on which last-named day the chancellor did appear, for the purpose of transacting the business coming up before him at that term. Among the cases coming up before him at that term, was this cause, which he undertook to and did try, with all of the parties in court, together with their counsel, and witnesses, and finally determined the cause on the merits by the entry of a final decree.

We concede that in the absence of statutory regulation, the failure of the chancellor to appear on December 18th, would have operated as an adjournment of the adjourned term. This is the common-law view. But in Mississippi, section 709 of Hemingway's Code, has been enacted, providing that if the chancellor fail to attend any term of the court, it shall stand adjourned from day to day, until the fifth day, thereby providing that the court may appear at any time within five days, without the cessation of the term. In this case, the court appeared on the third day of the adjourned term, and pro-

ceeded to dispatch the business of the court. Therefore, we submit that under the plain provisions of section 709, when the court ordered the December term to be adjourned, and held on Monday, December 19th, the court had the power, within the first five days, of appearing and opening court, for the purpose of transacting business, and, in this case, having appeared on the third day, the court having stood adjourned from day to day prior to that time, the term at which this cause of action was tried and determined was, in all respects, legal, and according to the strict provisions of the law in such cases made and provided. 15 C. J. 895; *Union Pacific R. R. Co.* v. *Hand,* 7 Kan. 380; *Langhorne* v. *Waller,* 76 Va. 213; *Keith* v. *State,* 91 Ala. 2, 8 So. 353, 10 L. R. A. 430; *Bank* v. *Bloch,* 82 Miss. 197; *Dees* v. *State of Mississippi,* 78 Miss. 250; *Railway Co.* v. *Hand,* 7 Kan. 239. The supreme court of Alabama passed directly upon this question in *White* v. *State* (Ala.), 72 So. 771.

Courts do not favor the discontinuance of terms, when once regularly begun. The supreme court of this state has held that the court is one thing, the judge another thing, and the term a third thing. *Palmer* v. *State,* 73 Miss. 780.

The appellant contends that section 709 applies only to regular terms of the court. We fail, however, to find any decision so holding, and certainly the language of section 709 of Hemingway's Code, does not so specify. That section specifically states: "If the circuit judge or chancellor shall fail to attend at any term of the court, it shall stand adjourned, etc."

Appellants further contend that even if it were to be conceded that the adjourned December term was legal, in all respects, yet the proceedings had thereat would not be sustained because the adjourned term conflicted with a regular term in the same district. Although we have been unable to find any case in Mississippi passing directly on the question here involved, the overwhelming authority is against appellants' contention. In *Smith &*

*Calvin* v. *State,* 61 Miss. 754, the court passed upon a question similar to the question here involved. This identical question has been presented on several occasions to the supreme court of our sister states, and the courts have held that where a judge, having statutory authority to appoint an adjourned term of court, makes an order in term time for holding an adjourned term, the proceedings at such adjourned term are not void, although held at a time when another court of the same circuit might have been in session at term, and was in session. *Snurr* v. *State* (Ind.), 105 Ind. 125, 4 N. E. 445; *State* v. *Knight,* 19 Iowa, 94; *Weaver* v. *Cooledge,* 15 Iowa, 244; *State* v. *Stevens,* 25 N. W. Rep. 777; *State* v. *Peterson,* 25 N. W. 780; *State* v. *Leahy,* 1 Wis. 225; *State* v. *Montgomery,* 8 Kan. 351; *Brewer* v. *State,* 6 Lea, 198. See, also, *Cheek* v. *Merchants Bank* (Tenn.), 9 Heisk. 489.

Where there is color of authority for holding a court, the proceedings cannot be deemed void, since it is an elementary rule that no presumption can sustain a void act. *Porter* v. *State,* 2 Ind. 435; *Shirts* v. *Irons,* 28 Ind. 458; *Harper* v. *State,* 42 Ind. 405; *Cook* v. *Skelton,* 20 Ill. 107, 21 Ency. Pl. & Pr., 633, 634.

We, therefore, respectfully submit that the proceedings had at the adjourned December term of 1922, were regular, in all respects, and the decision of the chancellor herein should be sustained.

*Dulaney & Jaquess,* for appellants, in reply.

It is contended for appellee that the adjournment to December 18th was good, and although the adjourning order did not indicate that court would remain in session beyond that day, it has been urged that the provisions of section 709, Hemingway's Code, operated a second time to preserve the term and there was a legal adjourned term on the 20th and 21st.

We submit that it was never the intention of the legislature that section 709 should continue to operate indefinitely. It does not contain the principle of life, whereby one term derived from another may beget yet another, and so on to the third and fourth generations. Appellants had a right to have the case tried at a term of court, and, if our position be correct, his right was denied them by the chancellor. *Aubour* v. *Y. & M. V. R. R. Co.,* 96 Miss. 340, 54 So. 158; Ann. Cas. 1912B, 179.

There is authority for the view that where the court adjourns from one day to another given day, a failure to meet on the day to which the court is adjourned, will result in the lapse of the remainder of the term unless there exists some statute which prevents such lapse. *Street* v. *Reynolds,* 63 Ark. 1, 38 S. W. 150; *Loesnitz* v. *Seelinger,* 127 Ind. 422, 25 N. E. 1037, 26 N. E. 887.

Argued orally by *J. W. Dulaney,* for appellants, and *J. W. Cutrer,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is a suit in equity by which the appellee, the complainant in the court below, seeks to recover from the appellants damages for an alleged breach of a warranty against incumbrances contained in a deed by which the appellants conveyed certain real property to the appellee. A question that arises at the threshold of the case and which must be decided before the merits thereof can be reached is the validity *vel non* of the term of the court at which the decree appealed from was rendered.

Chapter 140, Laws of 1920, provides that the chancery court of Tunica county shall convene on the second Monday of December and continue for six days. On the second Monday of December, 1922, the chancellor of the district in which Tunica county is situated failed to ap-

pear at the place provided by law for the holding of
court, and an order adjourning the court from day to
day was entered each day by the clerk thereof until
Thursday, the 14th day of December and the fourth day
of the court, when, by virtue of a written order to that
effect signed by the chancellor and entered on its min-
utes, the court was adjourned by the clerk thereof to
the following Monday, December 18th. The chancellor,
being engaged in the trial of a case in another county,
failed to appear at the court on Monday, December 18th,
but directed the clerk by telephone to adjourn the court
until Wednesday, advising him that a written order to
that effect had been mailed to him. Such an adjourning
order was entered by the clerk on Monday's minutes,
and on the next day, Tuesday, the written order of the
chancellor was entered on the minutes and the court
then adjourned until Wednesday morning. The chan-
cellor appeared some time during the day Wednesday and
proceeded with the business of the court. Among the
cases then tried was the one here at bar; the trial of
which was proceeded with over the vigorous protest of
the appellants, who were defendants in the court below,
and who from a final decree against them have appealed
to this court.

Section 989, Code of 1906 (section 709, Hemingway's
Code), is as follows:

"If the circuit judge or chancellor fail to attend at any
term of the court, it shall stand adjourned from day to
day until the fifth day, when, if the judge or chancellor
shall not appear and open court, it shall stand adjourned
without day; but, by virtue of a written order to that
effect by the judge or chancellor, it may be adjourned by
the clerk or sheriff to the next regular term, or to any
earlier day, as the order may direct, and parties wit-
nesses, and jurors must attend accordingly."

In the absence of this or a similar statute, the failure
of the judge or chancellor of a court to appear and open
the court on the day fixed for the beginning of a term

results in the lapse of the term. 15 C. J. 888; *Palmer* v. *State,* 73 Miss. 780, 20 So. 156. But because of this statute the order by which the court below was adjourned on Thursday, its fourth day, to Monday of the next week was valid. But when the chancellor failed to appear during the day set by him for the beginning of the adjourned term, the term lapsed, as the statute does not provide for the adjournment of an adjourned term from day to day in the absence of the judge or chancellor or to a later day on written order of the judge or chancellor so to do. The contention of counsel for the appellee in effect is that this statute applies, not only to the regular term of the court, but provides for and applies to subsequent successive adjourned terms thereof. That under it a term of court, though not held, need never lapse, as it can be kept continually alive by successive adjournments under written orders of the judge or chancellor so to do. The statute does not so provide, and we cannot so hold. To so construe the statute would enable a judge or chancellor to keep every court in his district continually open, and it is hardly possible that the legislature contemplated that this should be the effect of the statute. An adjourned term is not a new term but simply a prolongation of a previous term (7 R. C. L. 990) and the power to prolong a term more than once is not conferred by this statute.

The decree of the court below is void, and the appeal therefore should probably be dismissed, but, to save any uncertainty as to the rights of the parties hereto that might result from a dismissal of the appeal, the decree of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*

ANDERSON and HOLDEN, JJ., dissenting.