M. M. STOKES, EXECUTOR, ETC., *v.* W. H. SHANNON.

1. SUPREME COURT. *Practice. Premature writ of error.*

A writ of error dismissed in this court on the ground that there was no entry on the minutes of the lower court of the judgment overruling a pending motion for a new trial, is no bar to another writ of error sued out after the judgment on the motion has been properly entered on the minutes of the lower court.

2. CIRCUIT COURT.  *Practice.*  *Judgment entered nunc pro tunc, without notice.*
Where a circuit clerk has failed to enter a judgment overruling a motion for a new trial, the party having made the motion may, at a subsequent term of the court, have the judgment entered by an order *nunc pro tunc,* in order to sue out a writ of error thereto, without giving notice to the opposite party, if the record affords conclusive *data* for sustaining the application for the entry without resort to extraneous evidence.

3. MARRIED WOMAN.  *Note for borrowed money.*
It is error for a court to render judgment against a married woman on a note given by her husband and herself for borrowed money, where there is no proof showing the application of the money to her use and benefit, or to her separate estate.

ERROR to the Circuit Court of Leake County.

Hon. A. G. MAYERS, Judge.

The case is stated in the opinion of the court.

*J. W. Jenkins,* for the plaintiff in error.

1. At the time the money was borrowed and the note upon which this suit is based was executed, Mrs. Stokes was a married woman, and the judgment is against her separate estate. The note was given for money borrowed by her husband. The proof shows that the money was used by the husband for his own individual purposes, and not for the benefit of his wife's separate estate. In such a case a married woman is not liable. Code 1871, secs. 1779, 1780; *Viser* v. *Scruggs,* 49 Miss. 705; *Cary* v. *Dixon,* 51 Miss. 593, and cases there cited.

2. The dismissal of one writ of error is no bar to a second writ, where the first was dismissed for a cause over which the plaintiff in error had no control. *Bull* v. *Harrell,* 7 How. (Miss.) 9; *Smith* v. *Union Bank of Tennessee,* 13 Smed. & M. 240; *Harper* v. *Archer,* 4 Smed. & M. 99; *Steele* v. *Shirley,* 9 Smed. & M. 382.

3. The failure to notify the defendant in error of the application to have the judgment on the motion for a new trial entered *nunc pro tunc* could make no difference, because (1) the action of the court on such application could not prejudice Shannon in any way, and (2) no notice is required in such a case.  *Wolfe* v. *Crawford,* 54 Miss. 514, 621.

*M. Green*, for the defendant in error.

1. Was the first writ of error sued out prematurely? It was from a final judgment. At common law, as under our statute, writs of error are sued out from final judgments. A final judgment is one that carries costs. The judgment referred to was of this character, and, hence, the writ of error thereupon was valid. The pendency of the motion for a new trial had no effect. By suing out the writ of error that motion was waived. Hence it follows that, the previous writ having been dismissed by the fault of the plaintiff in error, this writ is barred. It was his fault, because he did not prosecute the writ to judgment here, as he had a right to do.

2. It was incompetent for the court to enter a judgment *nunc pro tunc* twelve months after the rendition of the judgment, without notice having been given of the application for such entry to the plaintiff in the case. It is not pretended that any such notice was given. The plaintiff below might have shown that there was no original judgment to be entered, or other good ground to defeat the motion. He was entitled to have his day in court on the consideration of the motion.

*O. A. Luckett*, on the same side.

CHALMERS, J., delivered the opinion of the court.

Shannon, the defendant in error, had judgment at the September term, 1876, of the Leake County Circuit Court, against Stokes and wife. A motion for a new trial was made, which was overruled, but no entry of the judgment of the court overruling the motion was entered upon the minutes. A writ of error was prosecuted to this court, which was by us dismissed upon the ground that, the record proper showing no disposition of the motion for new trial in the lower court, the case must be treated as still pending there, and the writ of error must be regarded as premature.

Thereafter a motion was made and sustained in the lower court to enter a judgment *nunc pro tunc*, showing the action

of the court upon the motion for a new trial, which having been entered, a new writ of error is now prosecuted. It is objected that the former writ of error, which was dismissed, is a bar to the present one. The former writ, being premature, was a nullity, and constitutes no bar to the present.

It is further objected that the judgment *nunc pro tunc* was void for want of notice to the opposite party. It is difficult to see how the defendant in error can complain of this, since it consisted only in the entry of a judgment in his favor, which the clerk had omitted to enter, and which the plaintiff in error merely desired to have entered, in order that he might appeal from it.

But, apart from this, we do not think that the defendant in error was entitled to notice of the motion for the entry of the judgment *nunc pro tunc* in this case.

While it is generally true that such judgments cannot be entered without notice, a different rule prevails where the record itself affords conclusive *data* for sustaining the motion, without resort to extraneous evidence. In this case the bill of exceptions, which had been signed, sealed, and made a part of the record at the preceding term, showed the action of the court overruling the motion. Freem. on Judg., sec. 64; *Fagan* v. *Carrel*, 1 Minor, 170; *Allen* v. *Bradford*, 3 Ala. 281; *Glass* v. *Glass*, 24 Ala. 468.

Upon the merits of the case, the judgment below must be reversed. The recovery was against a married woman, upon a note given by husband and wife for borrowed money, without any proof showing the application of the money to the use and benefit of the wife, or her separate property. Such a judgment cannot be sustained against the wife. *Viser* v. *Scruggs*, 49 Miss. 705; *Reid* v. *Coleman*, 51 Miss. 835. The husband does not appeal, except as executor of his wife, who has died since the judgment.

Reversed.