PERRY *v.* STATE.

(Division B. June 3, 1929.)

[122 So. 744. No. 27971.]

460

*W. M. Hutto,* of Waynesboro, for appellant,

*Rufus Creekmore,* Assistant Attorney-General for the state.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Wayne county of the crime of unlawfully possessing a still for the manufacture of intoxicating liquor, and sentenced to imprisonment in the state penitentiary for a term of two and one-half years. From that judgment appellant prosecutes this appeal.

Appellant contends that the term of court at which he was convicted was a term unauthorized by law, and for that reason his indictment, conviction, and sentence were void. To sustain that position appellant relies on the following facts: Appellant was tried and convicted on the 29th day of January, 1929. The terms of circuit court to

be held in Wayne county are provided for by chapter 140, of the Laws of 1926 (section 466, Hemingway's Code of 1927). The statute provides for two terms of circuit court in that county, of eighteen days each, one beginning on the first Monday of January, and the other on the first Monday of July. The first Monday of January, 1929, was the seventh day of the month. On that day the judge of the circuit court for the district in which Wayne county is situated appeared at the courthouse of the county, and opened the court for the term, according to law. There was prevailing in the county at the time an epidemic of influenza, and for that reason the judge deemed it inimical to the public health to hold the circuit court during that week. He thereupon had an order spread on the minutes of the court reciting those facts, and adjourning the court until Monday the 14th day of January, the second Monday of the term fixed by law. The order directed the sheriff of the county to make the order known to the jurors, litigants, their attorneys, and witnesses. Accordingly, on the 14th of January, the court was regularly opened; all officers being present except the circuit judge. The influenza epidemic in the county had not abated. The sheriff had in his hands a written order from the circuit judge, directing that the court be opened and adjourned until Monday, January 21st, the third Monday of the regular term fixed by law, and that the sheriff make announcement thereof to all interested persons. That order was entered by the clerk upon the minutes of the court of that day. On January 21st, the third Monday of the regular term fixed by law, the circuit judge appeared at the courthouse of the county, and court was regularly convened, and the trial and disposition of the pending litigation proceeded with. On the next day, the 22d of January, the following order was made by the court and spread upon the minutes:

"*Tuesday, January 22, 1929,* It now appearing unto the Honorable J. D. Fatheree, judge of the circuit court for the 10th judicial district, of Mississippi, the business of the January, 1929, term of circuit court of Wayne county, Mississippi, now being held because of the heavy docket of said court makes it advantageous and proper to continue said term for one week longer than the regular term, that is to say said regular term in the judgment of the said J. D. Fatheree, for the above reasons should be and is hereby ordered extended and continued for one week from the time fixed by law, for the expiration of the regular term, the clerk is hereby ordered to spread this order on the minutes of the court, and the officers are hereby directed to draw jurors for said week, and summons such jurors for service January 28th, at nine o'clock A. M.''

On the 22d of January, a day of the regular term fixed by law, the indictment upon which appellant was tried was returned in court by the grand jury; but appellant was not tried until the 29th day of January, which was a day of the extended term.

Appellant's position is that the extended part of the term during which he was tried was unauthorized by law, and therefore his trial and conviction were illegal and void. The first order made by the court on January 7th, the first day of the term, was expressly authorized by section 990, Code of 1906 (section 746, Hemingway's Code of 1927), which provides, among other things, that, if the court shall not sit on any day of the term after it shall have convened, there shall not be any discontinuance, but the court may proceed with the business on any subsequent day until the end of the term. ''And any court may take a recess to any day within the time during which it may be held.'' The adjournment of the court from January 7th to January 14th was a mere recess of the business of the court, and the convening of the court

again on the 14th, therefore, was not the beginning of an adjourned term of the court.

The order of January 14th was entered under the authority of section 989, Code of 1906 (Hemingway's Code of 1927, section 745), which follows:

"If the circuit judge or chancellor fail to attend at any term of the court, it shall stand adjourned from day to day until the fifth. day, when, if the judge or chancellor shall not appear and open court, it shall stand adjourned without day; but, by virtue of a written order to that effect by the judge or chancellor, it may be adjourned by the clerk or sheriff to the next regular term, or to any earlier day, as the order may direct, and parties, witnesses, and jurors must attend accordingly."

As stated, the judge was not present at the opening of the court on January 14th, but had an order entered upon the minutes, adjourning the court until the next Monday, the 21st day of January, a day of the regular term fixed by law.

The order of January 22d, which was a day of the regular term fixed by law, was made and entered under the authority of the last clause of section 988, Code of 1906 (section 744, Hemingway's Code of 1927), which follows:

"When the business of a circuit or chancery court may require, the judge or chancellor, in term-time or in vacation, may order a special term to be held, and the order shall be entered on the minutes, or, if made in vacation, on the minutes of the special term. A special term shall not be held in a shorter time than twenty days from the date of the order; and the clerk of the court shall give two weeks' notice of the time of holding the same in some newspaper published in the county, the proper cost of which notice shall be paid out of the county treasury; or, if there be no such paper, then by advertisement for the like time posted at the courthouse door and at three other public places in the county, but a failure or irregularity in

giving notice shall not affect the validity of any judgment or proceeding given or had at a special term. And in all cases where, in the judgment of any judge or chancellor, the business of any circuit or chancery court may for any cause make it advantageous, or proper, so to do, such judge or chancellor may continue any term of court then in session by an order entered on the minutes of such court for such time as such judge or chancellor may determine; and all courts, the terms of which may be continued or extended shall possess and may exercise all the powers exercisable by the same at and during the term, or terms, which may have been so continued, or extended.''

The first two of these orders provided alone for recesses of the court, and the third for an extension of the term, all of which orders, as shown, were made by the court during the regular term fixed by law.

The last statute referred to above, in its first clause, provides for a special term of court. In its last clause, quoted above, it provides, not for a special term, but, under certain conditions therein named, for an extension of the regular term. An extended term of court, therefore, is not a special term; it becomes simply a part of the regular term fixed by law. An extended term of court must be for a definite time; the statute so provides. The extension here involved was for a definite time—one week. Summing up what was done in this case: The law provides for an eighteen-day term of court, beginning on the 7th day of January, and therefore ending on Saturday midnight, the 26th day of January. On the first day of the term, court was regularly convened by the judge, and an order entered adjourning or recessing the court until the next Monday, the 14th day of January. Accordingly, on the 14th of January, court was regularly opened, and, the judge being absent, an order sent by him was entered on the minutes, adjourning or recessing the court until the next Monday, the 21st day of Jan-

uary, still a day within the regular term. In pursuance of that order, on the 21st of January the judge appeared, and court was regularly convened, and proceeded with the trial and disposition of the litigation therein pending. It was found on the next day, the 22d of January, that the court would not be able during the balance of the week to dispose of the business on hand, and on that day another order was entered, extending the term of the court for the period of the week immediately succeeding the regular term fixed by law. Appellant, as stated, was tried during that week, having been indicted the week before.

We think that the action of the court in entering those orders was clearly authorized by the statutes referred to. Construing the statutes together, they mean that, if a circuit judge is unable to attend a term of court either on its opening day, or on any subsequent day during the term fixed by law, he may have an order entered on the minutes of the court recessing the court to some future day during the term. And the judge, during the progress of the business of the court, may, if the public interest so requires, enter an order on the minutes recessing the court to any future day during the regular term. And if, during the regular term, the judge finds that the business of the court requires it, he may, by an order entered on the minutes, extend the regular term for a definite period in order to dispose of the business of the court.

Appellant contends that *Williams* v. *Simon,* 135 Miss. 562, 99 So. 433, is decisive of this question in favor of his position. We do not think so. The facts of that case, briefly stated, were as follows: The law provided that the chancery court of Tunica county should convene on the second Monday of December, and continue six days. On the second Monday of December, the chancellor of the district in which Tunica county is situated failed to ap-

pear at the place provided by law for holding the court. Thereupon an order adjourning the court from day to day was entered each day by the clerk, until Thursday, the 14th day of December, the fourth day of the court, when a written order, signed by the chancellor and entered on the minutes, directed the court to be adjourned by the clerk to the following Monday, December the 18th and therefore a day beyond the regular term fixed by law. On Monday December 18th, the chancellor again failed to appear at the courthouse, but had a written order in the hands of the clerk which was spread on the minutes of the court, adjourning the court until Wednesday morning of that week. Accordingly, on Wednesday morning the chancellor was present, opened court, and proceeded with the business of the court. The court held that, except for section 989, Code of 1906 (section 745, Hemingway's Code of 1927), the failure of the chancellor to appear on the day fixed by law for the beginning of the term would result in a lapse of the term, but that, by virtue of that statute, the order by which the chancellor adjourned the court on Thursday, the fourth day, to Monday of the next week, was valid; that, however, when the chancellor failed to appear during the day set by him for the beginning of the adjourned term, the term lapsed, for the reason that the statute did "not provide for the adjournment of an adjourned term from day to day in the absence of the judge or chancellor or to a later day on written order of the judge or chancellor so to do."

In other words, the court held that an adjourned or extended term of court (which under the statutes means the same thing) could not be predicated upon an adjourned or extended term of court, and for the very plain reason that there was no statute authorizing it. Under statute 988, Code of 1906 (section 744, Hemingway's Code of 1927), in order to justify the extension of a term of court beyond the time fixed by law, the court

must be "then in session." The trouble in that case was that the chancellor, under section 989 of the Code of 1906 (section 745, Hemingway's Code of 1927), while absent from the court on a day of an adjourned or extended term, undertook to again provide for a further adjourned or extended term. We have no such case as that here, but instead mere recesses of the court, taking place during a regular term, followed by an order of the court while in session, transacting the business of the court, extending the term for the week succeeding the regular term, on account of the necessities of the business of the court.

We are of the opinion, therefore, that the business transacted by the court during the week beginning on January 28th, part of which was the trial and conviction of appellant, was legal.

We find no merit in the other alleged errors assigned by appellant, and the questions they raise are not of sufficient merit to call for discussion by the court.

*Affirmed.*