MCMILLAN v. STATE.

(Division B. Oct. 7, 1940. Suggestion of Error Overruled Nov. 25, 1940.)

[198 So. 29. No. 34154.]

John G. Leggett and R. B. Reeves, of McComb, for appellant.

**F. D. Hewitt,** of McComb, for appellant.

· **W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The only point requiring discussion arises out of the following facts:

The time fixed by law for the convening of the circuit court in Amite County was the third Monday in Febru-

ary, 1940. On that day the circuit judge of the district appeared in the courtroom of the county courthouse, and there were present also the clerk and the sheriff. No jurors were in attendance. The judge had previously directed the sheriff not to summon the jurors drawn for the first week.

The court as thus constituted proceeded with the transaction of such business as could be done without the aid of a jury, and then recessed until the following Monday, eighteen days being the regular length of that term. On the said second Monday of the term, petit juries were regularly empanelled, and during that week appellant was convicted under an indictment returned at a previous term.

Appellant contends that, inasmuch as there were no jurors, either grand or petit, in attendance on the first day of the term, or at any day during the first week, there was no court during that week, and that the order made recessing to the second week was without validity, with the consequence that there was no lawful court in session during the second week.

In addition to what was said in Perry v. State, 154 Miss. 459, 122 So. 744, we adopt the simple statement that a court is fully organized and competent for the transaction of business without the presence of a jury or juries. Schick v. United States, 195 U. S. 65, 71, 24 S. Ct. 826, 49 L. Ed. 99, 1 Ann. Cas. 585; People v. Fisher, 340 Ill. 216, 261, 172 N. E. 743.

Affirmed.