HOLIFIELD, et al. *v.* PERKINS, et al.

No. 40855          June 9, 1958          103 So. 2d 433

*Jackson & Ross, Colbert Dudley,* Jackson, for appellants.

*Wells, Thomas & Wells,* Jackson, for appellees.

HALL, J.

In this suit the appellants, all resident citizens of Jones County, Mississippi, filed a bill of complaint in the chancery court in the nature of a suit to remove a cloud from title. All the appellees were made parties to the bill, but the sole point involved is the interpretation of one sentence in an instrument which is the source of title of the appellees. The instrument in question is on a printed form which does not appear to be in general use in Mississippi and is evidently a Texas form, but in addition to the printing the following words were written after the granting clause in the printed form: "This sale does not include any part of the delay rentals on the present oil lease on this property or on future leases."

It is the contention of the appellants that after expiration of the lease then on the property the quoted clause reserves unto them the bonus payment for a new lease on the property and that such bonus payment was excluded from the grant in the deed and reserved unto the grantors.

▆▆ ▆ In the case of Dale v. Case, 217 Miss. 298, 64 So. 2d 344, we laid down a number of rules to be used in the construction of deeds, one of which is that where two clauses of a deed are repugnant, the first must prevail, or that an attempted reservation is void when repugnant to the granting clause, cannot be invoked where, from an examination of the whole instrument, the intention of the parties thereto is plain. ▆▆ ▆ Another rule

which we laid down was that when the written provisions of a contract cannot be reconciled with the printed provisions, the written provisions control for the reason that the printed form is intended for general use without reference to particular objects and aims, but that the words written into a printed contract or deed will control the construction of the same. ■■■ Another rule laid down is that it is the duty of the court to construe the instrument as it is written.

■■■ Applying these rules we find that the grantors in the deed conveyed one-half of all the oil royalties and gas rentals or royalties due and to become due under the terms of any lease, but that until there was a producing well no part of the delay rentals on any lease was conveyed. If the appellants had desired to retain for themselves the bonus payments for any new lease, it would have been an easy matter to have said "this sale does not include any part of the bonus or delay rentals on the present or any future lease." But what was written in the conveyance makes no mention of reserving or including in the conveyance any of the bonus payments from future leases. We therefore think that none of the bonus payments were reserved and that the appellants are not entitled to the interest in such bonus which they have conveyed away. Consequently the chancellor was eminently correct in sustaining the demurrer to the bill of complaint.

■■■ The appellants request that if we do not agree with their contention, then we should remand the case so that they may file an amendment to the bill with leave to the appellees to file such answers as they may desire. We do not think this is the proper procedure. The bill of complaint did not state a case and the appellants did not request leave to file an amended bill. In Griffith's Mississippi Chancery Practice at Section 311 it is stated that when a demurrer is sustained a final dismissal of the bill follows unless the complainant obtain leave to

amend; and further that it is not the duty of the chancellor on sustaining a demurrer to inquire whether a party desires to amend or to insert such leave voluntarily. If a complainant desires to amend on sustaining a demurrer he should and must apply for leave to amend, otherwise the order is properly a dismissal.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.