## RAINWATER *v.* RAINWATER.

No. 41480          April 18, 1960          119 So. 2d 610

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellant.

156

*W. Vol Jones, Sr. & Jr.,* Waynesboro, for appellee, George Rainwater.

*Green, Green & Cheney,* Jackson; *George Conger,* Shreveport, La.; *Blanchard, Goldstein, Walker & O'Quin,* Shreveport, La., for appellee, Arkansas Fuel Oil Corporation.

Lee, J.

Mrs. Pennie Leigh Dandelake Rainwater, by her bill against George H. Rainwater, filed in the Chancery Court of Wayne County on August 18, 1955, sought to remove a cloud from the title of land, which she claimed, as described therein.

At the return term, on September 12, 1955, George Rainwater filed a general demurrer, charging that there was no equity on the face of the bill.

By decree of date of April 30, 1956, the general demurrer was sustained and the cause was dismissed with prejudice at the cost of the complainant. Following this decree, Rainwater executed an oil, gas and mineral lease on the land for a one-half interest thereof to Homer

Lynn, which, in turn, was assigned to Arkansas Fuel Oil Corporation.

On September 8, 1958, Mrs. Rainwater, with different solicitors, again filed a bill to cancel a cloud on the title of the same land alleged to have been owned by her. She made George Rainwater, Homer Lynn and Arkansas Fuel Oil Corporation defendants.

Rainwater, on January 15, 1959, filed an answer, denying all the material allegations of the bill, and setting up a special plea of res judicata by reason of the decree of date of April 30, 1956 which dismissed the former suit.

Thereupon on February 18, 1959, Mrs. Rainwater filed a motion to correct that decree so as to show that the dismissal thereof was ''without prejudice'' instead of ''with prejudice''.

On the next day, Rainwater answered the petition to correct the decree, denied the material allegations thereof, and pled Sec. 752, Code of 1942, Rec.

The cause was heard by the court on an agreed stipulation that the demurrer to the original bill was argued by counsel, pro and con, at the October 1955 term of the court, at which time Mrs. Rainwater was present in court; that the court advised her attorney, at the conclusion of the argument, that before a final decree could be entered, a deraignment of title would have to be made, and that the case would be left on the docket pending the filing of such an amendment; that, at the January 1956 term of the court, the cause was continued until the April 1956 term thereof because the complainant was not present and had filed no amendment to the bill; that, on the call of the docket at the April 1956 term, on the 23rd day of April, the attorney for the defendant reminded the court as to what had theretofore transpired and expressed his desire to get the cause disposed of; that the court instructed said attorney to get in touch with the attorney who had been representing the complainant, and inquire what he intended to do about filing an amendment; that the attorney for the

defendant complied with the court's instructions by immediately calling the attorney over the telephone; that said attorney advised that he had no intention of filing any further pleading in the cause, and the result of this conversation was promptly reported to the court; that thereafter on April 30, 1956, the attorney for the defendant presented the file of papers to the court and again reminded the court of all that had transpired theretofore including the argument on the demurrer, the lapse of time, and the failure to file any further pleading, together with a decree specifically providing that the bill would be dismissed with prejudice and taxing the cost against the complainant; and that the court took the decree, read it, signed it, passed it to the clerk for recordation, and the same was recorded as the final decree in the cause. It was the recollection of complainant's counsel that, in the telephone conversation, he stated that he no longer represented the complainant and had no interest in the case; but this was contrary to the recollection of the attorney for the defendant. Actually her counsel's employment had been terminated by Mrs. Rainwater prior to the April 1956 term of the court.

The court, following the argument of counsel, held that, under Weathersby v. Pearl River Lumber Co., 88 Miss. 535, 41 So. 65, and Anderson v. McInnis, 99 Miss. 823, 56 So. 170, he had no authority to correct the intent of the decree except for fraud or error as provided for in Sec. 1670, Code of 1942, Rec.; that there was no mistake by the scrivener as it was prepared by the attorney for the defendant and clearly represented his intention; and that the court had no independent recollection about the matter. The court, therefore, denied the motion to correct, and held that the decree of date of April 30, 1956 was res judicata of the pending cause.

A decree in conformity with the court's holding was entered, and Mrs. Rainwater appealed.

Appellant says that, at the conclusion of the argument on the demurrer, the court gave no definite time in which to deraign the title, and gave her no notice that the cause would be dismissed with prejudice if that was not done; that counsel representing her when the demurrer was heard did not represent her at the time that the decree was entered; that she lived in California and that she has not had her day in court. She concedes that the decree of April 30, 1956 would be res judicata if she had declined to plead further and it had been entered on adequate notice and in compliance with the rules of the court.

██ █ Griffith, in his Mississippi Chancery Practice, 2d Ed., Sec. 311, p. 298, after explaining that, when a demurrer is sustained, a final dismissal of the bill follows unless the complainant obtain leave to amend, says: "The whole rule in this respect is expressed thus: It is *not the duty* of the chancellor on sustaining a demurrer *to inquire* whether the party desires to amend, or to insert such leave voluntarily. *If* such *leave is desired the party should* and *must apply for it,* otherwise the order is properly a dismissal. ██ █ *In making such order of dismissal if the demurrer be a general one going to the substance of the bill the dismissal is without reservation;* if the demurrer is special going to some formal matter the dismissal should be without prejudice." (Emphasis supplied.) ██ █ See also Sec. 622, pp. 670-671 thereof where in part it is said: "If a general demurrer going to the substance and merits of the bill be sustained and there is no provision in the decree allowing an amendment to the bill the decree is final, the cause stands dismissed on the merits and it is a bar to a subsequent suit, not only on the merits as pleaded but of all that might properly have been pleaded in that cause. It is not the duty of the court to offer leave to amend when a demurrer is sustained. If desired such leave must be asked for and an order obtained granting it, and unless such an order is obtained

during the term the case is disposed of and the decree sustaining the demurrer will become a final decree dismissing the bill although the decree does not in terms direct this to be done.''

In Holifield v. Perkins, 233 Miss. 876, 103 So. 2d 433, in declining to remand the cause in order that the appellants might file an amendment to the bill, the court said: ''The bill of complaint did not state a case and the appellants did not request leave to file an amended bill. In Griffith's Mississippi Chancery Practice at Section 311 it is stated that when a demurrer is sustained a final dismissal of the bill follows unless the complainant obtain leave to amend; and further that it is not the duty of the chancellor on sustaining a demurrer to inquire whether a party desires to amend or to insert such leave voluntarily. If a complainant desires to amend on sustaining a demurrer he should and must apply for leave to amend, otherwise the order is properly a dismissal.''

Following the argument on the demurrer, an order should have been entered on the minutes sustaining it. Rule 39, Griffith, Mississippi Chancery Practice, p. 791. But Mrs. Rainwater was in the courtroom at the time. The attorney, who represented her, is reputed to be a learned member of the bar of this state. It is unthinkable that he did not advise her that the court had sustained the demurrer and that it would be necessary to amend the bill, if that could be done. There was no request for leave to amend nor for an extension of time therefor. The term of court adjourned. The January 1956 term convened. No amendment had been filed and no counsel appeared for the appellant; and, for that reason, the cause was continued. The April 1956 term convened on the 23rd day of April. Again no amendment had been made. She did not appear, nor did counsel appear for her. Then it was that the court instructed counsel for appellee to ascertain from her counsel whether he intended to file an amendment; and, when in-

formed that he would not do so, the court entered the decree sustaining the demurrer and finally dismissing the cause.

With reference to unrighteous delays, see Griffith, Mississippi Chancery Practice, 2d Ed., Sec. 632, pp. 690-691, where it is said that: " * * * while righteous results in specific cases are the great ends to be attained in equity decrees, it is also essential that there shall be an end of litigation, without unrighteous delays. It is a matter that, at last, must necessarily be left largely to the sound judicial discretion of the chancellor, wherein on the one hand he will seek to administer full justice in the individual case and on the other to enforce the observance by the parties of a reasonable freedom from inexcusable negligence and to uphold the requirements of the public interest in a prompt, efficient and orderly administration of justice." After such inexcusable negligence in the delay of this litigation it is too much to say that the court was in error in bringing it to final disposition. Patience may sometimes cease to be a virtue.

The learned chancellor was of the opinion that he was not authorized to amend the decree under Sec. 1670, Code of 1942, Rec. As to the meaning of the above statute, Griffith's Mississippi Chancery Practice, 2d Ed., Sec. 634, p. 693, says in part: "This statute, so far as it is concerned, as its terms plainly disclose, applies solely to the correction of judgments and decrees and cannot be extended so as to supply a decree never rendered nor substantially intended to be rendered at the time when the entry complained of was made."

The chancellor, in his written opinion, while stating that he had no independent recollection about the matter, was clearly of the opinion that "there was no mistake here by the scrivener since it was prepared by the attorney representing the defendant and clearly represented his intentions. * * * ". Since there was no mistake in the decree, obviously it could not be corrected at a subsequent term. Actually there was no effort to cor-

rect it until more than two years after its entry. Obviously it could not, under Sec. 752, Code of 1942, Rec., be reviewed or corrected after the lapse of two years from its entry.

In Howie v. Baker, 232 Miss. 661, 100 So. 2d 113, cited by the appellant, the court being in doubt that on account of the intoxicated condition of the Baker woman's attorney, she really had her day in court, reinstated the cause. But the reinstatement occurred at the same term of court at which the cause was dismissed. The opinion cited Griffith's Mississippi Chancery Practice, 2d Ed., Sec. 632, p. 691, supra.

■■ ■ The trial court was manifestly correct in refusing to amend the decree and in holding that the decree of April 30, 1956 was res judicata of the pending cause.

From which it follows that the cause must be, and it is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.