McDANIEL BROTHERS CONSTRUCTION COMPANY, INC. *v.*
JORDY

No. 43786 February 21, 1966 183 So. 2d 501

*Young & Young, Pat H. Scanlon,* Jackson, for appellant.

842

*Watkins & Eager,* Jackson, for appellee.

RODGERS, J.

This case came to this Court from the Circuit Court of the First Judicial District of Hinds County, Mississippi, where a judgment was originally entered in favor of Walter S. Jordy in the sum of $3,000 on August 12, 1964. The appellee filed a motion to correct judgment on August 13, 1964, but this motion was not acted upon during the regular July term which began July 6, 1964, and ended August 15, 1964. There was no order entered extending the term of court. The only order appearing on the minutes is dated August 14th and is in the following words: "Ordered and adjudged that the Court do now adjourn until 9:00 A. M. Monday." Thereafter,

on August 19, 1964, the circuit court entered an order setting aside the previous judgment in the instant case and entered a final judgment for $6,004 in favor of the appellee. The appellant, McDaniel Construction Company, Inc., has appealed from this judgment. After appellant's brief was filed on December 15, 1965, and it became known that they contended that the final judgment for $6,004 was entered in vacation, the appellee, Walter S. Jordy, filed a motion in this Court on January 7, 1966, requesting this Court to permit him to supplement the record on appeal to show an attached order entered by the trial court on December 30, 1965. This order attempted to amend and correct the minutes of the trial court as of Friday, August 14, 1964. The appellant filed an answer to the appellee's motion to supplement the record and asserted that no hearing was held by the trial court to determine the issue as to whether or not the failure to enter an order extending the July 1964 term was a clerical error. The appellee filed a response to appellant's answer to its motion, stating that the attorney for appellant was notified by telephone and requested to appear at 1:30 P. M., December 30, 1965; that he did appear and examined a carbon copy of the order, but offered no rebuttal except to say that the court lacked the power to correct its minutes under the circumstances.

In the outset, therefore, it is apparent we must first determine the issue presented by the motion to supplement the record of the trial court.

Mississippi Code Annotated section 1401 (1956) provides that the July term of the Circuit Court of the First Judicial District of Hinds County begins on the First Monday of July and runs for thirty-six days. The July 1964 term of that court began July 6, 1964, and ended August 15, 1964.

Mississippi Code Annotated section 1647 (1956) provides that the term of circuit court may be extended by

the trial judge. The pertinent part of this Code section is as follows:

"And in all cases where, in the judgment of any judge or chancellor, the business of any circuit or chancery court may for any cause make it advantageous, or proper, so to do, such judge or chancellor may continue any term of court then in session by an order entered on the minutes of the court for such time as such judge or chancellor may determine. . . ."

This Court has heretofore considered several cases in which orders were entered by the trial judge after the regular term of court had expired, and a majority of the Members of this Court are of the opinion that the issue has been settled, adversely to the claim of appellee.

We upheld an order of the Circuit Court of Wayne County in the case of Perry v. State, 154 Miss. 459, 122 So. 744 (1929). The order entered in that case was in the following language:

"*Tuesday January 22nd,* 1929, It now appearing unto the Honorable J. D. Fatheree, Judge of the circuit court for the 10th Judicial District, of Mississippi, the business of the January 1929, term of circuit court of Wayne County, Mississippi, now being held because of the heavy docket of said court makes it advantageous and proper to continue said term for one week longer than the regular term, that is to say said regular term in the judgment of the said J. D. Fatheree, for the above reasons should be and is hereby ordered extended and continued for one week from the time fixed by law, for the expiration of the regular term, the clerk is hereby ordered to spread this order on the Minutes of the court, and the officers are hereby directed to draw jurors for said week, and summons such jurors for service January 28th, at nine o'clock A.M." 154 Miss. at 463, 122 So. at 745.

The order was spread upon the minutes of the court during the regular term, and on appeal this Court said:

"The order of January 22d, which was a day of the regular term fixed by law, was made and entered under the authority of the last clause of section 988, Code of 1906. . . ." 154 Miss. at 464, 122 So. at 745.

The Court then said:

"An extended term of court, therefore, is not a special term, it becomes simply a part of the regular term fixed by law. An extended term of court *must be for a definite time; the statute so provides. The extension here involved was for a definite time — one week. . . .*"

(Emphasis supplied.) 154 Miss. at 465, 122 So. at 745.

In the case of Watson v. State, 166 Miss. 194, 146 So. 122 (1933), the trial judge entered an order at a special term of court stating that the court was then in session and the business of the court required that it be continued; that it was advantageous and proper to extend the court term into a third week in order to dispose of the volume of business. On appeal to this Court, it was contended that the statutory law (§732, Miss. Code 1930) authorizing an extended term of court as an extension of a regular term of court had no application to a special term of court called for a stated term. This Court held, however, that a special term of court could be extended as well as a regular term. On the other hand, this Court pointed out:

"In support of the ground of objection that there were no signed minutes of the special term showing an order extending said term, and therefore the said term expired at midnight, Saturday, March 5, 1932, the appellant offered as a witness the circuit clerk, the custodian of the minutes of the court, and by him identified the minute book, and particularly page 239 thereof, which he identified as the purported minutes of the court for Thursday, March 3, 1932, and as containing an order of the court extending the special term

of court for one week. The appellant offered in evidence pages 224 to 243, inclusive, of this minute book, which purported to be the entire minutes of the special term of two weeks, including the minutes of Thursday, March 3, Friday, March 4, and Saturday, March 5, 1932, and the clerk of the court then offered to testify that the minutes of these last-mentioned three days were not signed by the judge. An objection was interposed to this testimony, on the ground that the minutes were the best evidence of the fact. This objection was sustained, and thereupon the appellant again offered and read into the record page 243 of the minutes contained the following recitation: 'It is now ordered that court adjourn until Monday morning, March 7th, 1932, at nine o'clock.' Under this recitation there was a blank space under which appeared the words 'Circuit Judge,' but no signature of the judge appeared in the space above these words, or on this page.'' 166 Miss. at 208-09, 146 So. at 125-26. The Court quoted from Mississippi Code 1930 section 750, and said:

''The provision of this section that 'on the last day of the term the minutes shall be drawn up, read, and signed * * * before the adjournment of the court' is mandatory, and requires that the minutes must be drawn up and signed before the expiration of the time fixed by law, or by the order calling a special term shall have expired. In view of the mandatory provision of this statute, there is no right or authority in a presiding judge to sign the minutes of his court after the term has expired by operation of law and is in vacation.'' 166 Miss. at 210, 146 So. at 126.

Following the above-quotation, it was said:

''A writing or entry on a book provided for recording the minutes of the proceedings of the courts of this state does not become a part of the court's minutes until such tentative minutes are read and signed by

the presiding judge. The only power of a circuit judge or chancellor to extend a term of court, regular or special, is found in section 732, Code 1930, which authorizes the extension of any term of court then in session, by an order entered on the minutes of the court. This necessarily means that the order extending a term of court must be entered on the minutes while the court is *still in session,* that is, upon minutes signed by the judge before the expiration of the term proposed to be extended. So, in the case at bar, if, in fact, no order extending the term of court was entered on minutes which were signed by the presiding judge before the expiration of the term, as fixed by the original order calling the term, the attempted extension was ineffective, and the term of court ended at midnight of Saturday, March 5, 1932, and the trial of appellant during the following week was a nullity.'' (Emphasis supplied.) 166 Miss. at 211, 146 So. at 126-27.

██ ██ It is true that Mississippi Code Annotated section 1670 (1956) permits the correction of a mistake, miscalculation or misrecital of any sum of money, quantity of any thing, or of any names in the minutes of the court where there shall be among the records of the proceedings in a suit, any verdict, bond, bill, note, or other writing of the like nature or kind, or docket or other memoranda by the judge or chancellor, whereby such judgment or decree may be safely amended, the judge may correct the record. ██ ██ But, we are of the opinion that the judge cannot go back to a former term of court and enter an order extending the term. It is apparent, not only from the previous opinion, in cases from this Court, but from the language of the statute (Mississippi Code Annotated section 1647, 1956) that the extended term of court and order must be spread upon the minutes of the court ''then in session'' extending the term of the court ''for such time as such judge or

chancellor may determine''. The term required to be fixed by a judge must be a definite term, for a definite time.

There are good reasons why the law requires the court to be held at stated terms. Mississippi Constitution 1890, section 24, requires that every person shall have a remedy by due course of law without delay. The circuit court is required to be held in each county at least twice in each year. Mississippi Const. 1890 § 158. And the terms of circuit court are fixed by law. See Miss. Code Ann. § 1394, *et seq.,* (1956). The circuit court has ''all the powers belonging to a court of oyer and terminer and general jail delivery.'' Mississippi Code Ann. § 1428 (1956). The words ''oyer and terminer'' simply mean ''stated term'', ''periodical session.'' They are derived from the ancient Royal requirements that judges of the High Court of Justice in the various counties of England be held at stated sessions. The Royal commission to hold a general assize were issued twice a year. (See ''assize'' Encyc. Britannica, Vol. 2 at p. 560, 14th Ed., 1939; ''assize'' and ''assizes'', Bouvier's Law Dictionary, Vol. 1, pp. 267-68, 3rd Ed. 1914.) The reason stated terms were important then, and now, is so that citizens may have proper process, returnable to a stated term. An extension of a term of court, therefore, must be extended for a stated length of time.

■■ The appellee in the case now before the Court contends that the trial court has, as of December 30, 1965, entered an order *nunc pro tunc* correcting the record so as to reflect his intention to spread upon the minutes an order extending the term of court on August 14, 1964, so as to correct the order of that date adjourning the court until nine o'clock A. M., Monday. The appellee has attached affidavits of the circuit judge and the clerk to his motion to supplement the record. We are of the opinion, however, that an order cannot be entered *nunc pro tunc* so as to extend a term of court after the

regular term of court as fixed by the Legislature has expired.

In support of this conclusion, we call attention to the following cases which have influenced our decision.

In the case of Jackson v. Gordon, 194 Miss. 268, 11 So. 2d 901 (1943), this Court said:

"Appellee argues that the action of the trial judge in signing the minutes at the end of an invalid extended term should be considered as a correction of the minutes nunc pro tunc, and as an authority which he should be allowed to exercise in vacation. This contention is definitely refuted in the Watson case, supra, wherein it was said: 'In view of the mandatory provision of this statute (Sec. 750, Code 1930), there is no right or authority in a presiding judge to sign the minutes of his court after the term has expired by operation of law and is in vacation.' (166 Miss. 194, 146 So. 126)." 194 Miss. at 273, 11 So. 2d at 902.

In the case of Beard v. McLain, 117 Miss. 316, 78 So. 184 (1918), where a chancellor attempted to adjourn his special term of court called for June 1916 until August, this Court said:

"Did the chancellor retain control and jurisdiction over the minutes and orders of court rendered at the special June, 1916, term of court, to the extent of authorizing him to set aside, at the August meeting of the court, a decree theretofore rendered at the June term, dismissing this cause? This question, thus sharply and directly presented, must be answered in the negative. Unquestionably, the decree rendered at the June term, dismissing the amended bill and taxing the complainant with costs, was a final decree. . . . In adjourning the special term, the chancellor undertook to adjourn his court until the second Mondat in August, 1916. . . . It is settled law, that:

" 'All final decrees made in term time remain in the breast of the chancellor until the adjournment, and

may be amended or vacated at any time during the term, but not afterwards.' Ex parte Stanfield, 98 Miss. 214, 53 South. 538.'' 117 Miss. at 319-20, 78 So. at 185.

. . .

''It is a matter of common observation that important litigated cases sometimes stand for trial about the end of a regular term of court, and that frequently the court is in the midst of a trial of an important murder case, or other case of importance, requiring additional time, and the statute, as amended, confers the power upon the circuit judge or chancellor to continue in session by an order entered on the minutes; but it is contemplated that in this order the judge shall designate the time, and this time may be such length of time as the judge or chancellor may determine. In the case before us the chancellor did not enter an order designating any length of time required for completing the business of the special June term, and, in reality, it does not appear that the court had any further business to transact at the special June term. It follows from what we have said that the decree of the chancellor reinstating this cause was a nullity; and, the reinstatement being void, there was no cause to be tried upon the merits.'' 117 Miss. at 322-23, 78 So. at 186.

In the case of Evans v. King-Peoples Auto Company, 135 Miss. 194, 99 So. 758 (1924), a judgment was entered against the sureties and principal for the amount of a debt, and an automobile was condemned to be sold to pay the debt; the court then adjourned for the term. Thereafter, at the March term, the surety filed a motion to set aside and vacate the judgment rendered at the September term, and asked the court to enter a corrected judgment. The motion was taken under advisement by the circuit judge, and on the 16th day of January 1923, the circuit judge entered an order on the minutes at-

tempting to sustain the motion and cited in his order that it was a mistake, and that the judgment actually entered was not the judgment of the court, and should not have been entered by the clerk, and then entered in lieu thereof a judgment restoring the automobile to the sheriff. Thereafter at the following September term, the King-Peoples Auto Company filed a motion to set aside and vacate the order by the court at the January term, and this motion was sustained by the court, the original judgment entered at the September term was restored, and from this last judgment, this case was appealed to this Court. On appeal, this Court said:

"There is nothing in the record to show that the court intended to enter any other judgment at the time when the judgment was rendered than the one it did enter. There was no showing made of any kind that there was any error of any kind by the court, or any misunderstanding of the judgment to be entered by the clerk other than the recital in the judge's order of January 16, 1923, about 1½ years after the rendition of the judgment, and in our opinion this is not a case which warrants the judge in setting aside a judgment rendered during the term, after the expiration of the term, on the ground of mistake or error in rendering the judgment. The record should show wherein the judgment entered was not the judgment which was actually pronounced by the court on the verdict of the jury. Consequently the judge did not err in setting aside this vacation order and reinstating the original judgment." 135 Miss. at 201, 99 So. at 759.

In the case of Rainwater v. Rainwater, 239 Miss. 154, 119 So. 2d 610 (1960), where a complainant filed a bill to cancel clouds on the title to realty, the Chancery Court of Wayne County entered a decree adverse to complainant and complainant appealed. The Supreme Court pointed out that where a chancery court sustained a demurrer to a bill seeking to remove a cloud upon title

to land at the October 1955 term at a time when complainant was in the courtroom and was represented by an attorney, but no request was made by complainant for leave to amend or for an extension of time therefor, the term of court then in session adjourned. Thereafter, the January 1956 term convened and no amendment was filed, no counsel appeared for complainant, and for that reason, the case was continued to the April 1956 term without an amendment having been made. On April 30, 1956, the chancery court entered a decree specifically providing that the bill should be dismissed with prejudice. On September 8, 1958, complainant filed a second bill to cancel the cloud on the title to the same land, and on February 18, 1959, complainant filed a motion to correct the decree in the first suit (filed October 1955) to show that dismissal was without prejudice, instead of with prejudice. We held that the chancery court properly refused to amend the decree, and properly held that the decree was *res judicata*. Quoting from Griffith's Mississippi Chancery Practice, section 622, pages 670-71 (2d Ed. 1950), this Court said:

"If a general demurrer going to the substance and merits of the bill be sustained and there is no provision in the decree allowing an amendment to the bill the decree is final, the cause stands dismissed on the merits and it is a bar to a subsequent suit, not only on the merits as pleaded but of all that might properly have been pleaded in that cause. It is not the duty of the court to offer leave to amend when a demurrer is sustained. If desired such leave must be asked for and an order is obtained granting it, and unless such an order is obtained during the term the case is disposed of and the decree sustaining the demurrer will become a final decree dismissing the bill although the decree does not in terms direct this to be done." 239 Miss. at 160-61, 119 So. 2d at 613.

Moreover, we are of the opinion that the minutes of the court cannot be changed by parol testimony, except

as provided for in Mississippi Code Annotated section 1670 (1956). In the case of Steverson v. McLeod Lumber Company, 120 Miss. 65, 81 So. 788 (1919), a motion was made to quash a writ of execution and vacate a default judgment on the ground that it was rendered on what purported to be the first day of a regular term of the circuit court, when there could not have been a regular term begun and held on such date. The Court said:

> "The parol testimony, however, attempted to be introduced in evidence by the appellant was inadmissible, because it was an attempt by parol testimony to contradict the minutes of the court, the attempt being in this case to contradict the minutes of the court which show that the court was begun on the 18th day (third Monday) of November, by showing as a matter of fact that the term was begun on the fourth day (first Monday) of November. This exact question was presented to the court in the case of Jones v. Williams, 62 Miss. 183. In the Jones Case the effort was to contradict by parol testimony the minutes of the court to show the day of the adjournment of the court, instead of the day of the opening of court. In the Jones Case the court said:

> " 'The settled doctrine seems to be that the evidence proposed to vary the date shown by the record is not admissible (citing authorities). Judicial records required by law to be kept are said to import unerring verity, and to be conclusive evidence against all the world as to their existence, date, and legal consequences.' " 120 Miss. at 81, 81 So. 789.

This Court then said:

> "Since the law provides that the regular November term of the court of Forrest County must convene on the first Monday thereof, it follows that no regular term of this court could be convened on the third Monday of November except as provided by section 989, Code of 1906, and that a court begun on this date

was not a legal court, and therefore its judgments and orders were void, because the court was held at an unauthorized time." 120 Miss. at 82, 81 So. at 790.

 ██ The general law on this subject seems to be well-settled, as shown by the textwriter in 37 Am. Jur., *Motions, Rules, and Orders,* section 30, at pages 513-14 (1941), wherein it is said:

"Nunc Pro Tunc. — The power of courts to adopt the practice of entering orders, judgments, and decrees, nunc pro tunc is recognized in all jurisdictions. It is many times necessary for the attainment of justice, and, when properly exercised, should be favored. Thus, an entry nunc pro tunc of an order of change of venue at a term subsequent to that in which the order was made is proper in a case where the omission of the entry at the proper term was due to negligence of the clerk. . . . There can be no doubt that such an entry may operate so as to save proceedings which have been had before it is made, but where no proceedings have been had and the jurisdiction of the court over the subject has been withdrawn in the meantime, a court has no power to make a nunc pro tunc order. If the court has omitted to make an order which it might or ought to have made, it cannot, at a subsequent term, be made nunc pro tunc."

See also: Reynolds v. Cropsey, 241 N. Y. 389, 150 N. E. 303 (1925); 21 C. J. S., *Courts,* § 152 at p. 236 c.; § 152 at p. 240 (1940).

 ██ We have reached the conclusion that the order of the circuit court dated August 14, 1964, did not extend the circuit court of the First Judicial District of Hinds County, Mississippi, then in session, and we hold the *nunc pro tunc* order entered by the trial court on December 30, 1965, did not serve to extend the term of court as of August 14, 1964, and the order entered on August 19, 1964, was entered in vacation.

We are now therefore confronted with the validity of an order entered by the circuit court of August 19, 1964 (in vacation) for the sum of $6,004 in favor of the appellee, Walter F. Jordy. What effect did this order have upon the judgment entered at the regular term of the court?

In the case of Hyde Construction Company, Inc. v. Highway Materials Company, 248 Miss. 564, 159 So. 2d 170 (1963), certain suits were joined together and default judgments were entered against Hyde Construction Company and motions were made by appellant to set the judgments aside, but the court did not enter an order setting the judgments aside until vacation. The Supreme Court held that an order entered by the trial court in vacation served to sustain the motion to set aside a default judgment, and to grant a new trial, and to continue the case for final hearing to the next term of court. This ruling was based upon the amendment to Mississippi Code Annotated section 1519 (1964), by Chapter 297, Laws of 1962, permitting the trial court to pass upon motions and demurrers in vacation, and that the case then was continued by law for determination at the next regular term of court.

In the instant case, the motion to set aside the judgment was made and argued in term time, but the order setting aside the judgment was not entered until after the regular term. We are of the opinion that since the court had authority to pass upon motions to set aside the judgment in vacation that the order entered by the court, dated August 19, 1964, served to set aside the original judgment, but that the matter was then continued by law until the next regular term. Thus, it has been continued from term to term and is now a pending matter in the Circuit Court of the First Judicial District of Hinds County, Mississippi. The case must therefore be reversed and remanded.

Reversed and remanded.

*Jones, Patterson, Inzer and Robertson, JJ.,* concur. *Ethridge, C. J., and Gillespie, Brady and Smith, JJ.,* dissent.

SMITH, J., dissenting:

With deference, I must respectfully dissent from the conclusions reached by the majority in this case.

The underlying and fundamental purpose of Mississippi Code Annotated section 1647 (1956) is to make provision for the continuation of a court term, with a minimum of formality, until pending business is disposed of. The statute first provides for proceeding with a trial in progress "without any special order." It then makes provision for disposing of the business of the court in other pending cases, not actually in process of trial, and states:

> . . . such judge or chancellor may continue any term of court then in session by an order entered on the minutes of the court for such time as such judge or chancellor may determine; . . .

As I read the statute, there is nothing to indicate that the legislature intended to require that the time for which the term is to continue shall be stated in the order. It would seem that efficiency and economy would be promoted best by adjourning from day to day until all pending business is completed. To estimate and fix in advance, in the original order, the time deemed necessary to complete pending business is to assume the risk that insufficient time will be allowed to conclude it, or that too much time will be added and during the latter part of the extension there would be no business to occupy the court. The words in the statute "such time as such judge or chancellor may determine" is a legislative grant of discretion to the trial court to continue the term until its business is finished.

Here, appropriate orders were entered from day to day preserving the continuity of the extended term from

the last regularly scheduled day of the term to the conclusion of business on the day of final adjournment. This was a substantial compliance with the requirements of the statute. No one was deceived or misled, and the intention of the court to continue the term was made abundantly clear by its daily orders. The parties and their counsel all participated without question or objection in the disposal of their cases during the extended term. Two weeks of completed business of the court is nullified by the decision of the majority, although no objection was made at any time during the course of the extended term, and nothing is shown to have occurred to indicate that actual prejudice resulted.

I see no reasonable basis for a distinction between the power of the court upon a day of the extended term, and its power upon a day of the regularly scheduled term. The court's order, on the last scheduled day, adjourning until Monday, effectively carried the term over until that day, and on each succeeding day an appropriate order recessing until the next day was entered. It seems to me that the sole object of the statute, which was to enable the court to continue in session until its business was completed, was accomplished. It is not questioned that this was the court's well understood intention, and nothing more nor less than that was done.

GILLESPIE, J., dissenting:

I respectfully dissent.

The decision in this case is unfortunate insofar as the litigants are concerned, but even more so on account of the doubt cast on the validity of other judgments rendered by the Circuit Court of the First Judicial District of Hinds County during the two weeks beginning Monday, August 17, 1964. The results of this case, as far as the litigants are concerned, will amount to additional trouble and expense. Undoubtedly, the trial court will again enter the same judgment it rendered on August 19, 1964, resulting in another appeal to this Court.

The July term of the Circuit Court of the First Judicial District of Hinds County began on Monday, July 6, 1964, and was scheduled by statute for thirty-six days. Miss. Code Ann. § 1401 (1956). Trial of this case was begun and completed on August 6, 1964, and judgment was entered the same day in favor of appellee for the sum of $3,000. This judgment was not filed with the clerk until August 12, 1964. On August 13, 1964, appellee filed a ''Motion To Correct Judgment Or For Judgment Notwithstanding The Verdict.'' The motion stated that the evidence established without dispute, that appellee's damages amounted to $6,004. On August 19, 1964, the court sustained the motion and changed the judgment to the sum of $6,004, instead of $3,000. In other words, appellee's motion to correct judgment was sustained. Thereafter the proceedings were had to enter the order extending the term *nunc pro tunc,* as stated in the majority opinion.

In my opinion the judgment entered on August 19, 1964, was a valid, final judgment. I am fortified in this belief by the fact that appellant does not contend he was misled in any way or that he suffered any disadvantage whatsoever because the motion to correct judgment was entered on August 19, 1964, rather than on the day it was submitted to the court for consideration. In fact, the record discloses that the able attorneys for appellant considered the judgment dated August 19, 1964 for $6,004 as a final judgment and as a judgment rendered during term time, as developed in more detail hereinafter.

### I.

The minutes should correctly reflect that done by the court and stand as a permanent memorial, importing verity. In my opinion the minutes of the court involved in this case substantially reflect all that is necessary to show the July 1964 term of court was extended. During term time and on August 14, 1964, the minutes con-

cluded as follows: ''Ordered and adjudged that the court do now adjourn until 9:00 A.M. Monday.'' This order did not contain the exact words of the statute, but could any person doubt that the court had extended the term? Then on Monday morning the minutes show the drawing of the names of jurors for the seventh week of the July term. The court minutes show the continuation of the business of the court including the entering of the motion to correct judgment on August 19, 1964, which is involved on this appeal. On Friday, August 21, 1964, the minutes reflect an order extending the term for an additional week. It seems to me that when the minutes of the court show clearly that the term was extended, and correctly reflect all that done during the extension of the term, and there is no suggestion of any lack of integrity or that the minutes lack absolute verity — then, in my opinion, this Court should hold there has been substantial compliance with the statutes respecting extending the term of court and the keeping of the minutes of the court. No one could possibly have been misled by the manner the minutes were entered by the trial court. No one was misled, and no one claims to have been misled or prejudiced in any way.

Until 1962, Mississippi Code Annotated section 1665 (1956) provided as follows:

The minutes of the proceedings of the supreme, circuit, chancery and county courts shall be entered by the clerk of each, respectively, in the minutebook of the court, against the next sitting of the court, if practicable, when the same shall be read in open court; and when corrected shall be signed — the minutes of the Supreme Court by the chief justice or presiding judge, of the circuit court by the circuit judge, of the chancery court by the chancellor and of the county court by the county judge; and on the last day of the term the minutes shall be drawn up, read, and signed

on the same day, or before the adjournment of the court.

The legislature recognized that this statute was too rigid and did not allow correction of the minutes or the signing of minutes after the term of court had ended, as interpreted by past decisions of this Court. Chapter 307, Mississippi Laws of 1962, was enacted amending Mississippi Code Annotated section 1665 so as to add thereto the following:

Whenever by inadvertence said minutes and proceedings may remain unsigned or the judge of said court dies before signing the minutes, the succeeding judge or judges of said court may, in their discretion, examine into said unsigned minutes and ascertain as to the correctness thereof, and after same shall have been read in open court and, if the court is of the opinion that same are true and correct, then the said minutes may be signed and adopted by said judge or judges.

This amendment liberalized the statute concerning the minutes of the courts and undoubtedly was enacted in order to overrule some of the former decisions of this Court so as to allow a judge to read, correct and sign minutes after the term of court has ended. I think this was a mandate from the legislature that the court should not apply highly technical rules that require the exact letter of the statutes to be followed regarding the minutes of the court. This legislative mandate is persuasive on the issue before the court. It would prevent a great deal of mischief to hold that there was compliance with the statutes. No one would be prejudiced; nor would the verity, integrity, or clarity of the minutes be impugned. Both the law and justice would be served, rather than the mere exact letter of the law.

## II.

The order entered *nunc pro tunc* was valid and corrected any defect in the order of August 14, 1964, extend-

ing the term of court. The record shows that the circuit judge announced on August 14, 1964, that the July term was extended and thought the clerk entered the proper order. This fact, and the minutes themselves show without any doubt that the judge ordered the term extended. This is a typical case for the entry of an order *nunc pro tunc* to supply any deficiency in the order extending the term. The majority opinion in this case quotes approvingly from 37 Am. Jur., *Motion, Rules and Orders* section 30 at pages 513-514 (1941). The text makes it clear that the power of courts to adopt the practice of entering orders, judgments, and decrees, *nunc pro tunc* is recognized in all jurisdictions, and that it is necessary to do so for the attainment of justice, and, when properly exercised, should be favored. This Court has recognized the power to enter orders *nunc pro tunc*. In Stokes v. Shannon, 55 Miss. 583 (1873), the Court approved the entry by the circuit court of a judgment *nunc pro tunc,* showing the action by the circuit court on a motion for a new trial. It was done without notice because there was enough in the record to show the action of the court in overruling the motion for new trial. In the case now before the court there was conclusive evidence in the court minutes to show that the term had been extended, and the court could have entered the order without notice to the opposite party; however, the record shows that appellant's counsel was notified and appeared before the judge. Stokes v. Shannon, *supra,* indicates that when notice is given, extraneous evidence may be admitted to aid the court in making an order *nunc pro tunc* so that the minutes, as corrected, will speak the truth.

In Oliphant v. The Carthage Bank, 224 Miss. 386, 80 So. 2d 63 (1955), a case involving an order *nunc pro tunc* of the State Banking Board, the Court said:

> . . . 'The object and office of a nunc pro tunc entry of a judgment are to exhibit correctly on the record

a judgment previously rendered and not carried into the record or not properly and adequately recorded.' And then further it is said as a part of the text of Section 117, that: 'In connection with judgments, the object or purpose, and office, function, or province, of a nunc pro tunc entry are to make the record speak the truth by recording or correctly evidencing an act done or judgment rendered by the court at a former time and not carried into the record, or not properly or adequately recorded. It is not the object, office, or province of such an entry to alter a judgment actually rendered, or to correct an erroneous decision or judgment; and, generally speaking, the object or office of the entry is only to support matters of evidence or to correct clerical misprisions, and not to supply omitted judicial action; . . .' (224 Miss. at 403, 80 So. 2d at 69)

The sole purpose of the order *nunc pro tunc* entered in this case was ''to exhibit correctly on the record a judgment previously rendered and not carried into the record or *not properly and adequately recorded.''* (Emphasis added). The order *nunc pro tunc* did exactly what the quoted rule states is the function of an order *nunc pro tunc.*

The statutes providing for extension of terms and keeping of minutes are the same for the chancery and circuit courts. A lengthy paragraph in Griffith, Mississippi Chancery Practice section 623 (1950) discusses *nunc pro tunc* decrees in chancery and states in part that ''the entry of a decree *nunc pro tunc* is said to be always permissible where the decree was definitely ordered during term time but was omitted by the excusable inadvertence of counsel or by the fault of opposing counsel, or where it was drawn and signed but the clerk failed to enter it of record during the term, *or where it was actually and definitely ordered to be entered but by inadvertence of the court it was not signed.''* And further

". . . it would probably be held that such a decree may be entered upon the distinct recollection of the chancellor. . . ." (Emphasis added).

### III.

Appellant is not in position to contend the order correcting the judgment entered August 19, 1964, was not a final decree entered in term time. Two days after the entry of the judgment on August 19, 1964, appellant gave notice to the court reporter containing the following paragraph:

McDaniel Brothers Construction Company, the defendant in the above cause, feeling aggrieved by the judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, on the 13th day of August, 1964, *and the final judgment rendered on the 19th day of August, 1964, at the regular July term,* desires an appeal to the Mississippi Supreme Court in the manner provided by law, and you are requested to preserve and transcribe your notes as required by law. (Emphasis added).

In appellant's designation of the record he referred to the judgment entered August 19 as a final judgment, and in his appeal bond he referred to said judgment as a final judgment. Appellant did not file a motion in the circuit court contending the judgment of August 19 was not final, and therefore, did not give the trial judge an opportunity to set it aside. Thus the trial judge has been put in error without any opportunity to correct any mistake he may have made. This case is being reversed on something discovered by appellant after perfecting his appeal and without the slightest showing of any harm from that about which he complains. All the costs of this appeal have been incurred as a result of appellant raising a question here that he did not raise below.

I would hold the judgment dated August 19, 1964, a final judgment entered during an extension of the July term.

*Ethridge, C. J., and Brady, J.,* join in this dissent.

## ON SUGGESTION OF ERROR

ROBERTSON, J.

The appellant and appellee have both filed suggestions of error to the opinion of this Court in the above styled case, reported in 254 Miss. 839, 183 So. 2d 501 (1966). After carefully considering the briefs filed, we have determined that both suggestions of error should be overruled.

Appellee, Walter S. Jordy, contends that the appellant did not raise in the trial court the question that the July, 1964, Term of Court had not been properly extended and that the judgment entered by the trial judge on August 19, 1964, was void because entered in vacation. The appellee insists that the appellant is now estopped from raising this question for the first time on appeal to this Court. The cases cited by appellee would have been applicable except for the fact that the issue here is jurisdictional, and we are required to determine whether or not we have jurisdiction, and may do so on our own motion. See the cases cited in Hyde Construction Co., Inc. et al. v. Highway Materials Co. et al., 248 Miss. 564, 572, 159 So. 2d 170, 173 (1963).

Appellee contends that appellant consented to the entering of a judgment on the motion in vacation and that cases may be heard in vacation under the authority of Mississippi Code of 1942 Annotated section 1523 (1956). The record does not bear out nor support this contention. No order appears on the Minutes of the Circuit Court during the July, 1964, Term taking this matter under advisement for decision in vacation, nor does any order appear thereon reciting that by consent of the parties the matter could be tried and judgment entered in vacation.

The truth of the matter is that the trial judge intended to extend the July Term, but through inadvertence, the

proper order was not entered on the Minutes during the July, 1964, Term. When the omission was discovered, a *nunc pro tunc* order extending the July, 1964, Term for one week was prepared by the attorney for the appellee, and signed by the trial judge on December 30, 1965. The attorney for the appellant was notified before this order was signed and in the Judge's Office advised the trial judge and the attorney for the appellee that he did not think that the Minutes of August 14, 1964, could be thus corrected with a *nunc pro tunc* order at that time. There is thus no question of estoppel involved in this case.

The appellant contends in his suggestion of error that this Court should modify its opinion and direct that the case be retried by the Circuit Court. In reversing and remanding this case we did not intend to bind the hands of the trial court, nor to dictate what action the trial court should take. We, in effect, found that the "motion to correct judgment or for judgment notwithstanding the verdict," which motion was heard at the July, 1964, Term but no judgment rendered thereon at the regular term, is still undisposed of and the court upon remand of this case is authorized to act on said motion in any way it sees fit. Mississippi Code of 1942 Annotated section 1649 (1956), provides:

> If any court shall not be held at any term, or shall not continue to sit the whole term, *or during the term shall not have heard and determined all matters standing for trial, then all suits and proceedings remaining undecided shall stand continued of course until the next term; . . .* (Emphasis added.)

This motion to correct judgment, therefore, can be acted on by the trial court at any regular term of the court. In our opinion, we simply held that the July, 1964, Term of court had not been properly extended by order entered upon its minutes during the July, 1964, Term of court, and, therefore, the trial court did not

have the power, authority or jurisdiction to enter a final judgment on August 19, 1964, being a day in vacation.

We also held in our original opinion, that under the authority of Mississippi Code of 1942 Annotated Section 1519 (1964 Supp.), the Circuit Judge could act on motions, and that the Order of August 19, 1964, ''served to set aside the original judgment, but that the matter was then continued by law until the next regular term.'' (183 So. 2d at 508.) However, we were not inferring nor suggesting that the Circuit Judge must now retry this cause. We reiterate that the trial judge is perfectly free to render and enter any judgment that he sees fit, provided, of course, that this be done at a regular or properly extended term of court.

The appellee suggests that appellant should at least be required to pay the costs of this appeal, inasmuch as these costs have been incurred as a result of the raising of the question of jurisdiction by the appellant for the first time in this Court. We do not believe this contention is well taken because the appellant was not estopped to point out to this Court that the lower court did not have jurisdiction to enter a final order in vacation. This Court has so found and this cause has been reversed and remanded. The appellant, therefore, was the successful party and the costs should be taxed against the unsuccessful party in accordance with Mississippi Code of 1942 Annotated section 1579 (1956).

The suggestions of error are therefore overruled.

*Rodgers, Jones, Patterson and Inzer, JJ.,* concur.

*Ethridge, C. J., and Gillespie, Brady and Smith, JJ.,* dissent.